EUGENE J. WALKER AND HATTIE L. WALKER, *Appellants*,
v. ALVA R. CARVER, W. F. REID, THE STATE BANK OF
LAKELAND AND SARAH A. RICHARDSON, *Appellees.*

## Division B.

## Opinion Filed February 23, 1927.

1. For a decree to be valid it must be shown by the record that the Court had jurisdiction of the subject matter and of the parties.

2. A subpoena in Chancery must be directed to the defendant or defendants named in the suit and must be served upon the defendant or defendants named in the suit and each of them in the manner required by law before a defendant so named is brought into the jurisdiction of the Court, by that method.

3. The process must name each defendant with certainty and the return should show service upon each defendant with certainty. Returns, however, are subject to amendment, and when a defendant has been served with process as by law required, such defendant is thereby brought within the jurisdiction of the Court, and if the return made on the process is defective he may move to quash the return.

4. The defendant may not with impunity ignore process appearing valid on its face when the same shall have been served on him, and if he conceives the service made to have been defective or illegal he must submit his contentions in this regard to the Court from which the process issued.

5. The Bill of Complaint shows that the process issued was directed to E. J. Walker, one of the appellants, and was served upon him. If the service was made as is alleged in the bill, then it was irregular and voidable, but constituted such notice of the pending proceedings as to require him to respond to the Court either waiving the alleged defects in the service or contesting the sufficiency thereof. Such defects

do not render a judgment void, and therefore, may not be reached by this means.

6. The Bill of Complaint alleges, and the demurrer admits, that there was no service on Hattie L. Walker, as provided by statute. The return of the sheriff, however, shows service of process on this defendant and our view is that if the service or the return be merely irregular this is a defect which would render the decree voidable, but not void, and therefore a defect relief from which could not be had on this attack made upon the ground that the decree is null and void.

An Appeal from the Circuit Court for Polk County; H. C. Petteway, Judge.

Affirmed.

*O. Edgar Williams,* for Appellants;

*Peterson & Carver,* for Appellees.

BUFORD, J.—In this case the appellants filed bill in the Circuit Court of Polk County to set aside and cancel, as void a final decree in foreclosure and for other relief in connection therewith. A demurrer filed to this bill was sustained. An amended bill was filed and the demurrer adopted to the amended bill. Thereupon the demurrer to the amended bill was sustained and the bill was dismissed. The bill alleges that the decree was void because the record fails to show that the Court had jurisdiction of the parties. The bill further alleges that appellants have a valid defense to the foreclosure in that foreclosure is sought upon a mortgage which was given as accommodation security and which describes a certain note, the payment of which is secured thereby, and that the note, the payment of which was sought to be enforced by foreclosure, is not the note

described in the mortgage and the payment of which was secured thereby, but is an entirely different note containing provisions not applicable to the note described in the mortgage. This would have constituted a good defense in the foreclosure suit and, if these facts be true, no proper decree could have been rendered against the mortgagors to enforce the payment of a note entirely different from that note described in the mortgage. This condition, however, can only avail the appellant anything at this time in the event that the decree is found to be void.

For a decree to be valid it must be shown by the record that the Court had jurisdiction of the subject matter and of the parties. It is alleged in the bill of complaint that the Court did not have jurisdiction of the parties. It is alleged that an alias subpoena in Chancery was issued to one ''E. J. Walker and Hattie L. Walker.'' The suit was against Eugene J. Walker, Hattie L. Walker and Joe Wilder. The præcipe was filed for alias subpoena to issue to E. J. Walker and Hattie L. Walker; that the sheriff's return shows no service on E. J. Walker. The allegation is that the return was as follows: ''Received this writ October 20, 1923, and served the same in Polk County, Florida, October 26, 1923, by delivering a true copy thereof to the within named defendants, E. J. and Hattie L. Walker''; that there was no appearance by either of the said Walkers.

The demurrer admits the truth of these allegations. This Court is committed to the rule that proper service must be had before jurisdiction may be exercised. Wiley v. Sanford Loan & Trust Company, 44 Fla. 818; and cases there cited.

A subpoena in Chancery must be directed to the defendant or defendants named in the suit and must be served upon the defendant or defendants named in the

suit, and each of them, in the manner required by law before a defendant so named is brought into the jurisdiction of the Court. The pleadings allege and admit that the alias subpoena was addressed to E. J. Walker and they also allege and admit that the return shows no service on E. J. Walker. The process must name each defendant with certainty and the return should show service upon each defendant with certainty. Stults v. Outcart, 6 N. J. L. 130; McMillan v. Harrison, 66 Fla. 200, 63 Sou. 472; Wiley v. Sanford Loan & Trust Co., 44 Fla. 818, 33 Sou. 453, and cases there cited; Meanor v. Goldsmith, 216 Pa. St. 489; 65 Atlantic 1084. Returns, however, are subject to amendment and when a defendant has been served with process as by law required, such defendant is thereby brought within the jurisdiction of the Court and if the return made on the process is defective he may move to quash the return. The defendant may not with impunity ignore process appearing valid on its face when the same shall have been served on him and if he conceives the service made to have been defective or illegal he must submit his contentions in this regard to the court from which the process issued.

The bill of complaint shows that the process issued was directed to E. J. Walker, one of the appellants, and was served upon him.

If the service was made as is alleged in the bill then it was irregular and voidable, but constituted such notice of the pending proceedings as to require him to respond to the court either waiving the alleged defects in the service or contesting the sufficiency thereof. Such defects do not render a judgment void and therefore may not be reached by this means.

The bill of complaint alleges, and the demurrer admits, that there was no service on Hattie L. Walker, as provided

by statute. The return of the sheriff, however, shows·
service of process on this defendant and our view is that
if the service or the return be irregular this is a defect
which would render the decree voidable, but not void, and
therefore, a defect relief from which could not be had on
this attack made upon the ground that the decree is null
and void. See 66 Fla. 200, 63 Sou. Rep. 427; 49 L. R. A.
(N. S.) 946; Florida Chancery Jurisprudence 102.

The order of the Chancellor is therefore affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in
the opinion.