RALPH J. VOORHIES, et ux. v. MABEL ELDRIDGE BARNSLEY, Executrix.

156 So. 234.
Opinion Filed August 10, 1934.

G. P. *Garrett,* for Appellants;

*Giles & Gurney,* for Appellee.

DAVIS, C. J.—Mabel Eldredge Barnsley, as executrix of the estate of May Eldredge, deceased, obtained a final decree of foreclosure of a mortgage against Ralph J. Voorhies, Adele Voorhies, his wife, Roy Hough and Yowell-Drew Lumber Company, a corporation. Ralph J. Voorhies and his wife have appealed from the final decree and a supplementary order overruling their objections to confirmation of the master's sale of the mortgaged property.

Appellants' objection that plaintiff below in the foreclosure suit was a married woman suing as executrix without joinder of her husband or next friend, and that the husband of said plaintiff executrix had not consented to her appointment as such, came too late when it was interposed for the first time after final decree and only in the form of an objection to confirmation of the foreclosure sale.

There was a sufficient return of service of process on the defendant, Roy Hough, to bring that defendant before the Court and give the Court juirsdiction over his person, so that if for any reason said defendant deemed the return of

service to be irregular, the burden was placed on him to raise such objection affirmatively. This such defendant did not do.

Where service of process is irregular or voidable, but constitutes such notice of the pending proceedings as to require a served defendant to respond to the court, either waiving the alleged defects or contesting the service or return by special objection thereto, the defect does not render the judgment void and may be waived by a joint defendant's failure to object thereto. See Walker v. Carver, 93 Fla. 337, 112 Sou. Rep. 45.

The decrees appealed from are affirmed.

WHITFIELD, BROWN and BUFORD, J. J., concur.