226 So.2d 407 (1969)
Catherine CRAVEN, Appellant,
v.
J.M. FIELDS, INC., Appellee.
No. 69-2.
District Court of Appeal of Florida. Fourth District.
September 10, 1969.
Rehearing Denied October 8, 1969.
*408 Jack Ackerman of Johnson, Brant, Ackerman & Bakst, West Palm Beach, for appellant.
Thomas J. Yeager of Nason, Gildan & Yeager, West Palm Beach, and Aronovitz, Aronovitz & Haverfield, Miami, for appellee.
CROSS, Chief Judge.
This is an interlocutory appeal by the appellant-plaintiff, Catherine Craven, from an order vacating and setting aside a final judgment entered in her favor against the appellee-defendant, J.M. Fields, Inc., in a cause of action in defamation. We reverse.
On April 27, 1967, Catherine Craven filed a lawsuit against J.M. Fields, Inc., in defamation. The Sheriff of Palm Beach County, Florida, executed and filed his return pertaining to the summons as follows:
"Received this writ on the 27th day of April, A.D. 1967, and served same on J.M. Fields, Inc., a corporation, the within named defendant, in Palm Beach County, Florida, at 11:15 A.M. on the 28th day of April A.D. 1967, by delivering a true copy of the writ with the date and hour of service endorsed thereon by me, and a copy of plaintiff's initial pleading as furnished by the plaintiff, to H.R. Pearson as Manager in the absence of the President and all other officers of J.M. Fields, Inc., a corp."
J.M. Fields, Inc., failed to file any pleadings in the cause or to appear in any manner, and a default judgment was subsequently entered against it. The case was thereafter placed on the trial calendar in the usual manner as provided by the Florida Rules of Civil Procedure, and came on for trial before a jury on September 7, 1967, which resulted in a jury verdict in favor of Catherine Craven. Thereafter, on September 11, 1967, final judgment was entered for the plaintiff.
J.M. Fields, Inc., on October 25, 1968, moved to vacate and set aside the final judgment on the ground the original return, upon which a default and the subsequent final judgment were entered, was defective in that it failed to establish the absence of corporate directors before the summons and complaint were served upon defendant's manager. In an effort to correct the error, an amended return by the sheriff was filed containing the following wording:
"Received this writ on the 27th day of April, A.D. 1967 and served the same on *409 J.M. Fields, Inc., a corporation, the within named Defendant, in Palm Beach County, Florida, at 11:15 A.M. on the 28th day of April, 1967, by delivering a true copy of this writ with the date and hour of service endorsed thereon by me, and a copy of Plaintiff's initial pleading as furnished by the Plaintiff, to H.R. Pearson as Manager of said corporation, residing in this State, in the absence of the President, Vice-president or other head of the corporation, cashier, treasurer, secretary, general manager, all the directors of said corporation, any officer and business agent residing in this State, and by then and there showing to him this original and explaining to him the contents thereof."
The trial court on November 25, 1968, entered its order vacating and setting aside the final judgment, stating:
"The original return upon which a default and subsequent final judgment were entered was defective in that it failed to establish the absence of the corporate directors before the complaint was served upon defendant's manager. The court is of the view that the defect rendered the service voidable and subject to attack by defendant's motion to vacate the final judgment. The error may not be corrected by the filing of a correct amended return after the entry of the final judgment. Ordered that defendant's motion is granted. The default entered May 22, 1967, by the clerk is vacated and the final judgment of September 11, 1967, is set aside and declared null and void."
It is from this order vacating and setting aside the final judgment the appeal is taken.
The question for our determination is whether or not an insufficient sheriff's return renders a final judgment void and subject to attack by motion to vacate filed more than one year after entry of the final judgment.
Pursuant to Rule 1.540(b), 31 F.S.A.[1] relief can be obtained from a final judgment, order or decree.
We glean from the record in the instant case that the final judgment was entered on September 11, 1967. The motion to vacate judgment was served October 25, 1968, more than one year after the entry of the final judgment. Therefore, the judgment in question could not be vacated for the reasons illustrated below in (b)(1), (2) and (3) of Fla.RCP 1.540. The judgment still could be vacated on the basis of (b)(4) or (5). Since the provisions of (b)(5) are not applicable in the instant case, we are left with the sole determination of (b)(4); i.e., whether the judgment herein is void and thus amenable to a motion to vacate made more than one year after the judgment was entered. If the judgment is void, the defendant was not required to attack it upon such ground within one year. See 154 A.L.R. 818 and Florida cases cited thereunder; 30A Am.Jur., Judgments § 693 at 659; 49 C.J.S. Judgments § 228 at p. 523. The defendant would be entitled *410 to relief only if the judgment was void, not merely voidable.
If the original service or the return is so defective as to amount to no notice, the judgment must be deemed void. However, if the service or return is irregular but actually gives the defendant notice of the action or proceeding, a judgment based thereon has been held not to be void but merely voidable. State ex rel. Gore v. Chillingworth, 1936, 126 Fla. 645, 171 So. 649; Voorhies v. Barnsley, 1934, 116 Fla. 191, 156 So. 234; Walker v. Carver, 1927, 93 Fla. 337, 112 So. 45; 49 C.J.S. Judgments § 24 at p. 61.
The initial return in the instant case was irregular but the service was sufficient to put the defendant on notice of a proceeding instituted against it. However, the defendant saw fit to simply ignore the process, sit idly by, let default be entered against it, a jury trial initiated and final judgment entered pursuant to that jury verdict without making any effort to use the defenses available to it by Rule 1.140 (b), Fla.RCP, 30 F.S.A.[2] A party complaining of an irregular service or return is required to move diligently to effectuate those remedies available to him by our rules of civil procedure lest he suffer the consequences.
For the foregoing reasons, the order vacating and setting aside the final judgment is reversed, and the cause is remanded with directions for the trial court to reinstate the judgment.
Reversed and remanded with instructions.
WALDEN and OWEN, JJ., concur.
NOTES
[1] RCP 1.540 Relief from Judgment, Decrees or Orders.

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken.
[2] RCP 1.140 Defenses.

(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, shall be asserted in the responsive pleading thereto if one is required except that the following defenses may be made by motion at the option of the pleader: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a cause of action, (7) failure to join indispensable parties. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. The grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued shall be stated specifically and with particularity in the responsive pleading or motion. Any ground not so stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief.