RAWLS, Acting Chief Judge
As stated by appellant-plaintiff Barks-dale, the sole issue on this appeal is:
“Is the order entered by the lower court granting a motion amending its final judgment entered one year, eighteen days before, contrary to law where the same motion was previously denied eleven months, nineteen days before?”
The answer is in the affirmative. We reverse.
On March 29, 1973, Barksdale sued Paul W. Davis, Inc., pursuant to a construction contract entered into between “Shirley Ann Barksdale” (appellant) and “Paul W. Davis, Inc.” on June 26, 1972. Printed at the top of this form contract in large capital letters was the name “PAUL W. DAVIS SYSTEMS, INC.”.[1] Service of process was attempted to be effected upon Paul W. Davis, who instructed the sheriff’s office to serve “Paul W. Davis, Inc. of Jacksonville”. Process was effected by the sheriff’s office serving “Wilford McCormick, as President of . Paul W. Davis, Inc.”.
Answer to Barksdale’s complaint and counterclaim were filed by the law firm of Rogers, Towers, Bailey, Jones & Gay, which stated at the outset: “Defendant, Paul W. Davis, Inc., answers the complaint filed herein as follows. . . . ” Final Judgment was entered on May 1, 1974, in favor of Barksdale, wherein the trial court found, inter alia: “ . . . That the Court has jurisdiction of the defendant Paul W. Davis, Inc. and the subject matter of this cause.” On May 10, 1974, a petition to amend final judgment was filed in the trial court by the law firm of Rogers, Towers, Bailey, Jones & Gay, wherein they alleged that they were retained by Wilford McCormick, President of Paul W. Davis, Inc. of Jacksonville; that the said McCormick had no relationship with Paul W. Davis, Inc.; that on April 30, 1974, they ascertained that a misnomer existed as to the proper name of the defendant in that Wilford McCormick accepted service as President of Paul W. Davis, Inc., and that Wilford McCormick was, in fact, President of Paul W. Davis, Inc. of Jacksonville, a franchisee of Paul W. Davis Systems, Inc.; that at the trial of the cause copies of official records of the Secretary of State were proffered to the court, however, the court entered final judgment against Paul W. Davis, Inc. The petition prayed that the final judgment be amended by adding the words “of Jacksonville” so the misnomer could be corrected. The trial court denied the foregoing petition on July 2, 1974. No appeal was taken.
The instant appeal is taken from an order filed by the trial court on May 19, 1975, granting a petition to intervene filed by Paul W. Davis Systems, Inc., and granting a motion to amend final judgment[2] filed by Paul W. Davis Systems, Inc., by striking Paul W. Davis, Inc., and inserting in lieu thereof Paul W. Davis, Inc. of Jacksonville.
The foregoing facts bring to mind the ancient confidence game of “which shell is *865 the pea under”. We are not here confronted with a stranger to the litigation. The initial form contract was blazoned at the top with the name “PAUL W. DAVIS SYSTEMS, INC.”, and above a line entitled “Authorized Signature” was printed “PAUL W. DAVIS, INC. OF”. Paul W. Davis, President of Paul W. Davis Systems, Inc., the successor of Paul W. Davis, Inc., had actual knowledge of the pending suit, and it was at his specific direction that Wilford McCormick was served. The law firm of Rogers, Towers, Bailey, Jones & Gay appeared as attorney for Paul W. Davis, Inc., and defended the suit. The trial judge was apprised prior to and after final judgment of the misnomer claim and twice denied such. Under these facts, the final judgment was voidable — not void. Thus, the trial court erred in entertaining the petition to intervene and motion to amend final judgment more than one year after the final judgment was entered and almost a year after it had denied the petition to amend final judgment.[3]
REVERSED.
SMITH, J., and SWIGERT, WILLIAM T., Associate Judge, concur.

. Paul W. Davis, Inc., was incorporated January 26, 1967. The corporate name was changed by an amendment to the charter on February 17, 1972, to Paul W. Davis Systems, Iric. Otherwise the corporate structure was unchanged.

. The Motion to Amend Final Judgment filed by Paul W. Davis Systems, Inc., and verified by Paul W. Davis states, inter alia:
“2. At about the time of the change of name above described [Paul W. Davis, Inc. to Paul W. Davis Systems, Inc.], a corporation known as Paul W. Davis, Inc. of Jacksonville (herein *865 after ‘DAVIS OF JACKSONVILLE’) was formed. The stockholders of DAVIS OF JACKSONVILLE were Wilford McCormick and Donald King. Wilford McCormick served as president.
“3. DAVIS SYSTEMS and DAVIS OF JACKSONVILLE are separate legal entities:
(a) None of the stockholders of DAVIS SYSTEMS are or have been stockholders of DAVIS OF JACKSONVILLE.
(b) DAVIS OF JACKSONVILLE entered into a franchise agreement with DAVIS SYSTEMS in January of 1974 which expressly provided that:
‘Franchisee [Davis of Jacksonville] agrees that it, jointly and severally, shall indemnify and hold harmless franchisor [Davis Systems], jointly and severally, from and against any and all claims, demands, actions, causes of action, damages, losses, judgments, and expenses, including attorneys’ fees, arising out of or resulting from the operations of Paul W. Davis, Inc. of Jacksonville;’ ”
(As previously stated, the instant contract between “Shirley Ann Barksdale” and “Paul W. Davis, Inc.” was executed June 26, 1972.)

. Craven v. J. M. Fields, Inc., 226 So.2d 407 (4 Fla. App. 1969).