379 So.2d 697 (1980)
GEORGE FISCHER, LIMITED, Appellant,
v.
PLASTILINE, INC., and Liberty Mutual Insurance Company et al., Appellees.
No. 79-403.
District Court of Appeal of Florida, Second District.
February 6, 1980.
*698 William T. Atchley, Jr. and Mark E. Hungate of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellees.
OTT, Judge.
Appellant is a Swiss corporation. It was served with process in the proceedings below by substituted service upon the Florida Secretary of State, under the provisions of Section 48.161 and 48.181, Florida Statutes. Its motion to quash the service was denied and it brings this appeal, claiming that certain irregularities in the service violated the statute.[1] We affirm the order.
The record discloses that the process was duly served on the Secretary of State on April 4, 1978. On September 26, 1978, the required notice of such service, together with a copy of the process, was sent by certified mail, return receipt requested, in an envelope addressed to:
 Mr. Hans Fry
 George Fischer, Ltd.
 21751 West Nine Mile Road # 232
 Southfield, MI 48075
The letter was delivered to the Michigan address on September 29, 1978, where it was accepted and the return receipt was signed by one Win Hyde.
In support of its motion to quash, appellant presented the affidavit of one Hans R. Baumgartner, who declared that he is the President of George Fischer Corporation and "an employee" of George Fischer, Limited. He further averred (1) that 21751 West Nine Mile Road, Suite 232 in Southfield, Michigan is the home office of George Fischer Corporation, a totally separate and distinct entity from George Fischer, Limited, (2) that the principal place of business of George Fischer, Limited is in Switzerland, and (3) that Mr. Hans Fry "does not maintain an office in the United States on behalf of George Fischer, Limited."
*699 Statutory provisions for substituted service of process are strictly construed. Esberger v. First Florida Business Consultants, 338 So.2d 561, 562 (Fla.2d DCA 1976). Accordingly, one who relies upon such service has the burden of proving its availability under the circumstances of his case. AB CTC v. Morejon, 324 So.2d 625, 627 (Fla. 1976). Where one seeking to quash substituted service of process makes a prima facie showing of failure to comply with statutory directives, the burden of proof shifts to the party who invoked the long arm statute. Volkswagenwerk, Etc. v. McCurdy, 340 So.2d 544, 545-46[1] (Fla.1st DCA 1976). That burden can include an obligation "to show [the] connection between the defendant and the address to which [plaintiff] chose to send the letter containing process." Green v. Nashner, 216 So.2d 492, 493[1, 2] (Fla.3d DCA 1968).
Applying those rules to the facts at bench, we think that when the face of a record reveals a mailing to a certain address, and a signed acceptance of that mail at that address, the party attacking the service bears a preliminary burden of establishing (1) that the addressee is not at that address and does not receive mail there, (2) the employment and duties (if known) of the person who accepted the mail, (3) that such person had no actual, implied or ostensible authority to accept mail for any addressee listed on the envelope in question[2], and (4) the circumstances under which mail for the addressee was accepted on the occasion in question.
Considered by that standard, appellant's carefully-worded affidavit was clearly insufficient to make even a prima facie showing of failure to mail notice of service. Thus, the court below did not err in denying the motion to quash on that ground.
Appellant also calls our attention to the delay of almost six months before the notice of service was mailed. The statute directs such mailing "forthwith" after service upon the Secretary of State, and this court has held that a delay of only 34 days violated the statute. Paradis v. Cicero, 167 So.2d 248, 249[1] (Fla.2d DCA 1964).
Appellant did not urge this last ground in its motion to quash, and appellee objects to the attempt to raise it at this late date.
It is possible to find in the reported decisions a few general observations to the effect that jurisdiction of the person is a "fundamental" prerequisite to the validity of an order or judgment, and thus may be raised for the first time on appeal. See, e.g., Florio v. State, 119 So.2d 305, 309[3, 4] (Fla.2d DCA 1960). Close examination reveals, however, that in each such instance "subject matter" jurisdiction was in some way dependent upon personal jurisdiction over certain essential parties. We have found no case which would actually sanction deviation from the long-established rule that irregular service of process renders a decree merely voidable, and not void, so that failure to raise objection in the court from which the process issued operates as a waiver of such defect. Walker v. Carver, 93 Fla. 337, 112 So. 45, 46 (1927).
The order denying appellant's motion to quash service of process is affirmed.
SCHEB, Acting C.J., and RYDER, J., concur.
NOTES
[1] The motion to quash was accompanied by a motion to dismiss the complaint for failure to allege sufficient facts to show jurisdiction over appellant. That motion was granted with leave to amend. A similar motion with respect to the amended complaint was denied. On the ensuing appeal, this court affirmed without opinion (Case No. 79-848, October 3, 1979). Consequently, we are not concerned on this appeal with the question of the propriety of substituted service.
[2] Here, there were co-addresses, Mr. Hans Fry and George Fischer, Limited. Appellant seems to believe that the notice and process referred to in § 48.161 must be sent to some officer of a corporation upon whom process may be served. We do not read the statute that way. It actually requires only that the documents be "mailed to the defendant". Presumably, that can be done to any place in the world where postal service can provide a return receipt, which in the case of a corporate defendant can be signed by any clerical employee or agent authorized to do so.