BARKDULL, Judge.
Some 2¾⅞ years after an adverse final judgment entered following a default, the Nigerian Air Force (hereinafter referred to as NAF) a branch of the Nigerian government, filed a motion pursuant to Civil Procedure Rule 1.540(b)(4) seeking relief from said final judgment. Upon denial of that motion, this appeal ensued.
From the record the following appears, James Van Hise (hereinafter referred to as JVH) while residing in the Federal Republic of Nigeria offered to purchase an airplane from the Nigerian Air Force. This offer was accepted, the purchase price of the airplane was paid and the plane was to be delivered in Nigeria. JVH moved to Florida and subsequently NAF, by letter dated April 14, 1977 informed JVH that because of certain improvements to the plane he would have to submit a new offer. No new offer was forthcoming and JVH instituted an action in the Circuit Court of Dade County, Florida for breach of contract. Service was purportedly made on' the NAF pursuant to the provisions of Title 28 U.S.C. § 1605.[1]
Thereafter the trial court granted a default for failure to plea and the matter was set for jury trial as demanded in the complaint. At the time it came on to be heard before a jury, the jury demand was withdrawn and the matter was placed on a nonjury calendar without notice to the NAF and subsequently at an ex parte hearing the trial court entered a final judgment in the total amount of $121,961.65 dated March 3, 1980. On December 3, 1982 NAF moved to vacate the final judgment pursuant to Rule 1.540(b)(4) Fla.R.Civ.P.[2] This motion was denied and this appeal ensued.
*275 The section of Title 28 U.S.C. cited in the first footnote requires certain prerequisites before jurisdiction may be obtained over a foreign sovereign. NAF contends that the judgment was void for subject matter jurisdiction. JVH responds that even if it is a void judgment, no attack was made within a reasonable period of time and therefore the trial court should be sustained in its denial of relief, NAF having notice of the original proceeding. State v. Chillingworth, 126 Fla. 645, 171 So. 649 (1936); Voorhies v. Barnsley, 116 Fla. 191, 156 So. 234 (1934); Walker v. Carver, 93 Fla. 337, 112 So. 45 (1927); Craven v. J.M. Fields, Inc., 226 So.2d 407 (Fla. 4th DCA 1969).
The federal congress with the adoption of Section 1602 et seq, Title 28 U.S.C. code has established a uniform procedure for bringing actions against foreign sovereigns which are exceptions to general immunity from civil processes- that are enjoyed by foreign sovereigns in this country. Only when a domestic litigant can meet the conditions set forth in the federal statutes may he proceed with civil litigation in either the state or federal courts. Therefore, our first inquiry must be under the facts recited above, what acts of NAF would meet the conditions prescribed in the federal statutes which would constitute an exception to jurisdictional immunity and subject them to domestic jurisdiction in the courts of Florida.
JVH candidly admits that his sole claim against the foreign sovereign must rise or fall on the letter addressed to him in the State of Florida urging that this construed a breach of contract, which would be commercial activity having a direct effect in the United States. It is plain from the legislative history of the Foreign Sovereign Immunity Act (FSIA) that due process notions of minimum contacts have been incorporated in the act. Wauhesha Engine Division, Dresser Americas, Inc. v. Banco Nacional De Fomento Cooperative, 485 F.Supp. 490 (E.D.Wis.1980); Carey v. National Oil Corp., 453 F.Supp. 1097 (S.D.N.Y.1978). The letter received by JVH requesting a new offer for purchase of the airplane sought new negotiations between the parties for purchase of the plane and as such it did not constitute an activity having a direct effect in the market place of the United States. East Europe *276 Domestic International Sales Corp. v. Terra, 467 F.Supp. 383 (S.D.N.Y.1979); See Chicago Bridge & Iron Company v. Islamic Republic of Iran, 506 F.Supp. 981 (N.D.Ill.1980). Furthermore, the fact that the purported injury took place in the United States only because the plaintiff is domiciled or doing business here does not constitute contact for due process purposes. East Europe Domestic International Sales Corp. v. Terra, supra.
Therefore, we hold that the letter relied upon herein failed to constitute a direct effect on the United States as required by Title 28 U.S.C. Section 1605 and that the plaintiff has failed to prove the minimum contacts necessary to constitute an exception to the NAF’s claim of sovereign immunity.
In passing we note that the waiver of jury trial did not conform to the rules of court or the authority interpreting them.[3] However, we do not think that this failure to comply with the rules makés the judgment void, but we think it would be merely voidable and therefore is time barred because of the failure to raise it within one year in accordance with the provisions of Rule 1.540(b)(4) Florida Rules of Civil Procedure. We also have serious doubt whether a claim against a foreign sovereign may be maintained in a trial court before a jury. There is good public policy for the Congress in establishing certain jurisdiction over foreign sovereigns in civil proceedings to limiting these proceedings to matters that could be considered nonjury, it being obvious that as to certain foreign sovereigns, juries might be prejudiced in their responsibilities. We have been cited to no case that indicates that juries will be permitted in Title 28 U.S.C. § 1605 actions and believe that the reasonable interpretations of the federal code are as outlined above. Therefore no error occurred in trying this cause nonjury because a jury was not validly demanded in the first instance.
Based on the foregoing reasonings we must reverse the trial court and remand the cause for purposes of vacating the final judgment and for entry of an order dismissing the original complaint for lack of jurisdiction because of the claim of sovereign immunity.
Reversed and remanded with directions.

. "§ 1605. General exceptions to the jurisdictional immunity of a foreign state
(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case — "
"(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;”

. "The Defendant, Nigerian Air Force, by and through its undersigned counsel, respectfully moves pursuant to Rule 1.540(b), Fla.Rules of Civil Procedure to vacate and grant relief from the default judgment entered against it on March 5, 1980. In support of this Motion, the Defendant states:
BACKGROUND
1. On April 26, 1978, the Plaintiff James Van Hise ("Van Hise") filed a Complaint naming the Nigerian Air Force ("NAF") as a party defendant. Van Hise alleged that the NAF had breached a contract to sell a Piper Aztec aircraft to Van Hise. The alleged basis for jurisdiction was Sections 1602 and 1608 of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602, 1608 ("FSIA”). The Complaint also contained a demand for trial by jury.
2. The contract purchase price for the aircraft was Two Thousand Seven Hundred Fifty Naira (2,750.00N). The purchase price was equivalent to approximately Four Thousand Four Hundred U.S. Dollars ($4,400.00).
3. On October 10, 1979, Van Hise filed a Motion for Default which was granted on the same date.
4. On February 4, 1980, this Court entered an order removing the case from the jury calendar and setting it for non-jury trial on February 28, 1980.
5. After an ex -parte hearing conducted on February 28, 1980, a transcript of said hearing being attached hereto as Exhibit "A”, this Court entered judgment in favor of Van Hise in the amount of One Hundred Twenty One Thousand Nine Hundred Sixteen Dollars and fifteen cents ($121,916.15). On December 30, 1980, this Court granted Van Hise’s Motion for Attachment and Execution.
GROUNDS FOR RELIEF FROM JUDGMENT A. Lack of Subject Matter and Personal Jurisdiction
6. The entire transaction which is the subject of Van Hise’s complaint took place in Nigeria. The alleged contract was negotiated and executed in Nigeria and delivery of the aircraft was to occur in Nigeria. Van Hise tendered the purchase price for the aircraft directly to the Central Bank of Nigeria. During the years 1969 and 1972 Van Hise was a resident of Nigeria where he was employed as a flight instructor for DC3 and DC4 aircraft. During this period of time Van Hise was accorded officers’ status in the NAF. The transaction which is the subject of the Complaint arose from said relationship.
7. As established in the Affidavit of Wing Commander Abisogun Johnson which is attached hereto as Exhibit “3" and made a part hereof, *275 the NAF has had no contacts with the State of Florida. The NAF has never maintained any personnel or agents in Florida and aircraft owned by the NAF have never used airport facilities located in Florida.
8.The judgment obtained against NAF is void for lack of subject matter and personal jurisdiction, particularly:
(a) Van Hise failed to obtain proper service over NAF pursuant to § 1608(a), FSIA;
(b) The FSIA and the due process clause of the United States Constitution require the Defendant to have certain minimum contacts with the forum state before a court may properly exercise its personal jurisdiction over a non-resident defendant. Moreover, under § 48.193, Florida Statutes (the long-arm provisions), Florida courts require a greater showing of contacts between the defendant and the state than that mandated by the United States Constitution and federal law;
(c) The complaint fails to allege a sufficient basis for this court’s exercise of personal jurisdiction over NAF in that Florida law requires allegations of specific facts subjecting the defendant to the jurisdiction of Florida courts; and
(d) There is no evidence in the record to support the court’s finding of an exception under 28 U.S.C. § 1605 to NAF’s immunity from the jurisdiction of this Court.
B. Unlawful Withdrawal of Jury Trial
9. The judgment is also void on grounds that the case was tried nonjury in that there was a demand in the Complaint for trial by jury and the Defendant never waived its right to trial by jury.
C. Additional Grounds
10. The transcript of the hearing clearly establishes that the evidence presented the Court on an ex parte basis was legally and factually insufficient and failed to substantiate the amount of damages awarded to the Plaintiff.
11. Van Hise failed to sufficiently establish his claim and right to relief within the meaning of
28 U.S.C. § 1608(e) so as to entitle him to a judgment by default.
12. Based on the grounds set forth in paragraph 6, supra, the transaction is governed by the law of Nigeria; however, there is no indication in the record as to whether Nigerian law was considered by the court in reaching its determination.
WHEREFORE, for all the foregoing reasons Defendant NAF requests this Court to find that the judgment against it is void and enter and order vacating it and granting NAF relief from the judgment.

. Air Unlimited, Inc., v. Volare Air, Inc., 428 So.2d 294 (Fla. 3d DCA 1983); Jayre, Inc. v. Wachovia Bank & Trust Co., 420 So.2d 937 (Fla. 3d DCA 1982), Rule 1.430(d) Fla.R.Civ.P.