519 So.2d 1158 (1988)
Theodore PLUMMER, Appellant,
v.
Patricia V. HOOVER, et al., Appellees.
No. 87-1243.
District Court of Appeal of Florida, Fifth District.
February 18, 1988.
*1159 J. Lester Kaney of Cobb & Cole, Daytona Beach, for appellant.
Chobee Ebbets of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for appellees.
ORFINGER, Judge.
The defendant below appeals an order denying his motion to quash service of process and dismiss the action for lack of in personam jurisdiction. We reverse.
Boiled down to its bare essentials, the complaint filed by the plaintiff alleged:
1. On October 11, 1983, defendant owned a motor vehicle which was operated with his consent by Donnie Henry in Volusia County, Florida.
2. That Henry negligently operated the motor vehicle and caused it to collide with plaintiff's motor vehicle.
3. That plaintiff was injured and suffered damages for which she seeks a judgment.
Personal service of process was made on Plummer in Kentucky. Henry has not been served. Plummer contends that the trial court has no jurisdiction based on Kentucky service of process because there is nothing in the complaint that will substantiate out of state service of process under section 48.171, Florida Statutes (1985). That statutory provision permits substituted service of process on any nonresident owner of a motor vehicle "who accepts the privilege extended by the laws of this state to nonresident ... owners ... of permitting any motor vehicle owned ... by him to be operated with his knowledge ... or consent, within the state ..."[1] If service of process was attempted under this statute, it fails because the complaint is completely devoid of any jurisdictional allegations which would justify such service. See Ferguson v. McWilliams, 483 So.2d 509 (Fla. 4th DCA 1986). The complaint does not allege that defendant is a nonresident of Florida, nor does it allege any of the other prerequisites to the applicability of that statute.
Plaintiff asserts, however, that service of process was not made under section 48.171, but under the general long arm statute, section 48.193. Here too,
The first question presented is whether there was a basis for asserting jurisdiction over [defendant] under Florida's Long Arm Statute, section 48.193, Florida Statutes (1983). Even though section 48.193 contains an exhaustive list of acts or omissions upon which courts in this state can assert jurisdiction over out-of-state residents, Rowe's pleadings contain no allegations of the jurisdictional grounds for proceeding against [defendant]. *1160 This court has previously held that failure to adequately allege in the complaint a basis for invoking long arm jurisdiction under 48.193 voids any service of process made pursuant to section 48.194, Florida Statutes (1983). Mouzon v. Mouzon, 458 So.2d 381 (Fla. 5th DCA 1984).
Kimbrough v. Rowe, 479 So.2d 867, 868 (Fla. 5th DCA 1985). Under this statute, too, the necessary jurisdictional allegations do not appear. The motion to quash service of process should have been granted.
REVERSED.
COWART, J. and UPCHURCH, Judge, Retired, concur.
NOTES
[1] Defendant also argues that if the statute applies, service of process must be made on the Secretary of State of Florida as provided by the subject statute. In view of our holding that the complaint does not support process under this statute, we need not address this issue further.