546 So.2d 51 (1989)
Lee SCHNEIDERMAN, Appellant,
v.
Jay CANTOR, Larry Ritter, People's Equity Mortgage, Inc., a Florida Corporation, et al., Appellees.
No. 88-1542.
District Court of Appeal of Florida, Fourth District.
June 28, 1989.
Rehearing Denied August 7, 1989.
Randy R. Freedman of Freedman & McClosky, Fort Lauderdale, for appellant.
Andrew S. Berman of Young, Stern & Tannenbaum, P.A., North Miami Beach, for appellees.
GARRETT, Judge.
AFFIRMED. We address whether failure to make timely objection when a case is dormant due to invalid service will allow entry of a final default judgment against the improperly served party.
On August 24, 1987, appellant was served in New Jersey. The affidavit of service filed on October 1, 1987 failed to note the time when the process came into hand and the time it was executed. Both are statutory requirements of a proper return of execution of process. Failure to state the times invalidates the service. The return is amendable at any time. Once amended, service is as effective as if the return had originally stated the omitted facts. § 48.21, Fla. Stat. (1987).
On October 6, 1987, appellant's attorney wrote the trial court admitting his client received a copy of the complaint and expressing that an attack on the defective service might be made to avoid the acknowledged default.
On December 29, 1987, appellees moved for entry of final default judgment which was entered on February 4, 1988, a copy of which was mailed to appellant on February 15, 1988.
On March 23, 1988, appellant moved to set aside the default and final default judgment. The trial court denied the motion finding lack of due diligence on appellant's part. Appellant appeals.
Defective service suspends personal jurisdiction. Klosenski v. Flaherty, 116 So.2d 767 (Fla. 1959); Tetley v. Lett, 462 So.2d 1126 (Fla. 4th DCA 1984). However, where a defendant unduly delays in objecting to defective service, permitting a default and final default judgment to be entered, a court may deny defendant's motion to vacate for failure to timely object. Accord Ranger Construction Industries, Inc. v. Huff, 499 So.2d 2 (Fla. 4th DCA *52 1986), rev. denied, 509 So.2d 1118 (Fla. 1987); Craven v. J.M. Fields, Inc., 226 So.2d 407 (Fla. 4th DCA 1969). Defendant is required to demonstrate excusable neglect, the existence of a meritorious defense and a showing of due diligence in seeking relief after learning of the default and final default judgment. Id.
Rule 1.140(b) of the Florida Rules of Civil Procedure states that insufficiency of service if not asserted is deemed to be waived. Section (a) of the rule requires an answer be filed within twenty days after service. To allow a defendant to do nothing without consequences undermines the time limitation and waiver policy of the rule.
The trial judge found the three and one-half month period from appellant's letter to his motion to vacate (nine months from service) to be untimely delay. The trial court is vested with discretion in ruling on such a motion. Rosenblatt v. Rosenblatt, 528 So.2d 74 (Fla. 4th DCA 1988). We find no abuse of that discretion.
DOWNEY and POLEN, JJ., concur.