564 So.2d 626 (1990)
WORLD'S FINEST PRODUCTS, INC., Appellant,
v.
Robert B. CARPENTER, Appellee.
No. 90-0962.
District Court of Appeal of Florida, Fourth District.
August 1, 1990.
G. William Allen, Jr. of Walton, Lantaff, Schroeder & Carson, Fort Lauderdale, for appellant.
Stuart A. Nelson of Stuart Alan Nelson, P.A., Fort Lauderdale, for appellee.
GUNTHER, Judge.
We reverse the trial court's order granting Robert B. Carpenter's (Carpenter) motion to vacate default judgment.
A defaulting party may vacate a default judgment if the defaulting party proves excusable neglect, a meritorious defense, and a showing of due diligence in seeking relief after learning of the default. Schneiderman v. Cantor, 546 So.2d 51 (Fla. 4th DCA 1989). In the instant case, Carpenter failed to exercise due diligence in seeking relief. Forty-eight days passed before Carpenter took any action after learning of the default. Moreover, he offered *627 no reasonable explanation for the forty-eight day delay. See Fischer v. Barnett Bank of South Florida, N.A., 511 So.2d 1087 (Fla. 3d DCA 1987); Bayview Towers Condo. Assoc., Inc. v. Schweitzer, 475 So.2d 982 (Fla. 3d DCA 1985) and Westinghouse Credit Corp. v. Steve Lake Masonry, Inc., 356 So.2d 1329 (Fla. 4th DCA 1978).
DOWNEY and POLEN, JJ., concur.