632 So.2d 1132 (1994)
Adrienne PALEIAS, As Personal Representative of the Estate of Cathy Buchsbaum a/K/a Cathy Levine, Appellant,
v.
Lucille WANG, Appellee.
No. 93-0886.
District Court of Appeal of Florida, Fourth District.
March 9, 1994.
Michele I. Nelson of Paxton, Crow, Bragg, Smith & Keyser, P.A., West Palm Beach, for appellant.
Steven M. Weiss of Weiss, Jacobs & Straus, P.A., Boca Raton, for appellee.
PARIENTE, Judge.
This appeal arises out of a Florida automobile accident in which the appellee (plaintiff) sued the appellant (defendant) for personal injuries as a result of defendant's negligent operation of a motor vehicle in Florida. The trial court denied the defendant's motion for relief from judgment and motion to vacate a final default judgment. We affirm.
The appellate issue raised by the defendant, which has never been squarely decided in Florida, is whether personal service on her in New York was invalid because of the failure to allege her nonresidency in the complaint. The complaint did contain an allegation that the automobile accident occurred in Florida as a result of defendant's negligent operation of a motor vehicle. Defendant does not contest that she is subject to personal jurisdiction in Florida for committing a tort in Florida. She also does not challenge that she was personally served in New York by the sheriff. Her sole basis to attack the judgment is that her nonresidency was not alleged in the complaint, and therefore, service of process upon her was invalid.[1]
*1133 The focus of our analysis is Florida's long arm statute, section 48.193, enacted in 1973, which establishes the basis for personal service. For the first time in Florida, this statute authorized personal service outside the state on "[a]ny person, whether or not a citizen or resident of this state" for any cause of action arising from any of the specified acts, which included "[c]ommitting a tortious act within this state." § 48.193(1)(b).[2] The statute further specifies that:
Service of process upon any person who is subject to the jurisdiction of the courts of this state as provided in this section may be made by personally serving the process upon the defendant outside this state, as provided in s. 48.194. The service shall have the same effect as if it had been personally served within this state.
§ 48.193(3). Personal jurisdiction over a nonresident defendant may be obtained if it is established that the defendant committed one of the acts listed in paragraphs (a) through (g) of section 48.193(1), Florida Statutes, (1993), the act committed gave rise to the action sued on and "the method of service of process comports with statutory requirements." April Industries, Inc. v. Levy, 411 So.2d 303, 304 (Fla. 3d DCA 1982).
When service of process is made under statutes authorizing service on nonresidents of Florida, Florida Rule of Civil Procedure 1.070(h) provides that "it is sufficient to plead the basis for service in the language of the statute without pleading the facts supporting service." See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989). To plead the basis for personal service in this case under section 48.193, an allegation that the defendant committed a tortious act in Florida complies with the dictates of rule 1.070(h) and tracks the statutory language upon which service is based.[3] We hold that section 48.193 does not require an allegation of nonresidency in the complaint to render personal service valid, where the complaint contains a statement that the automobile accident occurred in Florida.
We distinguish a long line of Florida cases which have consistently held that to support substituted service pursuant to section 48.171, Florida Statutes (1993), the complaint must contain an allegation that the defendant was a nonresident, or a resident of Florida who subsequently becomes a nonresident, or a resident of Florida concealing his whereabouts. Wiggam v. Bamford, 562 So.2d 389 (Fla. 4th DCA 1990); Journell v. Vitanzo, 472 So.2d 827 (Fla. 4th DCA 1985); Turcotte v. Graves, 374 So.2d 641 (Fla. 4th DCA 1979); Drake v. Scharlau, 353 So.2d 961 (Fla. 2d DCA 1978). The rationale for requiring an allegation of nonresidency for substituted service of process was explained in Red Top Cab & Baggage Co. v. Holt, 154 Fla. 77, 16 So.2d 649 (1944). The supreme court, in construing the predecessor statute to section 48.171, stated that a substituted service statute "rests upon the principle of agency, and the relationship exists only when the defendant is a nonresident." Id.
The Secretary of State becomes the defendant's agent for substituted service under the current version of the statute, section 48.171, Florida Statutes (1993), only if the defendant is a nonresident, a resident who becomes a nonresident or a resident concealing his whereabouts. Therefore, nonresidency becomes an ultimate fact necessary to provide the Secretary of State with the statutory predicate upon which to accept service of process. Wiggam; Trawick, Florida Practice and Procedure, § 8.16 (1992).
*1134 Another distinction between substituted service and personal service is the quality of service. As the supreme court stated in Cherry v. Heffernan, 132 Fla. 386, 391, 182 So. 427, 429 (1938), statutes providing for:
constructive or substituted service on nonresidents are in derogation of common [law] rights and must be strictly construed. They provide a means for giving notice to and for securing jurisdiction over the parties and classes described, and being so, the steps required to be taken must be substantially complied with. It was never contemplated, however, that a nonresident could employ the terms of the act to defeat its purpose.
See also Elmex Corp. v. Atlantic Federal Savings & Loan Ass'n. of Ft. Lauderdale, 325 So.2d 58, 61 (Fla. 4th DCA 1976); McAlice v. Kirsch, 368 So.2d 401 (Fla. 3d DCA 1979); Richardson v. Williams, 201 So.2d 900 (Fla. 2d DCA 1967).
Unlike the substituted service statute, the long arm statute providing for personal service does not include language concerning nonresidency. Because personal service is effected on the defendant, not substituted service on the Secretary of State as the nonresident defendant's agent, an allegation of nonresidency is superfluous. A defendant who is personally served in New York knows he or she is a nonresident; therefore, no notice requirement is served by including such an allegation in the complaint. It is the commission of the tortious act in the State of Florida which confers personal jurisdiction and authorizes personal service outside this state and not the fact of nonresidency.
Defendant relies on Plummer v. Hoover, 519 So.2d 1158 (Fla. 5th DCA 1988) for the proposition that there must be allegations of nonresidence in the complaint. Plummer does not support the defendant's argument because the defendant in that case was the nonresident owner of a motor vehicle and not the operator of the motor vehicle who committed the Florida tort. The complaint in Plummer did not allege that the defendant committed a tort in Florida. As a nonresident owner, the defendant was subject to substituted service under section 48.171 if his motor vehicle was operated in this state with his consent, as long as his nonresidency was alleged in the complaint. When the plaintiff in Plummer argued that personal service was properly made under section 48.193, the court noted that to support personal service under the long arm statute, one of the "exhaustive list of acts" set forth in that statute must be alleged in the complaint. Because the owner of the motor vehicle in Plummer did not commit a tort in Florida, the defendant did not fall under subsection 48.193(1)(b) relied on here for personal service.
We also affirm the trial court's refusal to set aside the default judgment entered in this case after defendant was personally served and failed to appear and after a separate trial was held on damages. The defendant here failed to demonstrate excusable neglect. There was no showing that defendant's reliance on her insurer was justified, especially in view of the continuing notice she received, through subsequent pleadings sent directly to her, prior to the trial on damages and entry of a default judgment.[4]See Moore v. Powell, 480 So.2d 137 (Fla. 4th DCA 1985), rev. denied, 492 So.2d 1333 (Fla. 1986). Similarly, it cannot be said that the defendant acted with due diligence in moving to set aside the default where 100 days had elapsed after receipt of the unilateral pretrial stipulation indicating a default had been entered, with no reason offered for the delay.[5]World's Finest Products, Inc. v. Carpenter, 564 So.2d 626 (Fla. 4th DCA 1990); Techvend, Inc. v. Phoenix Network, Inc., 564 So.2d 1145 (Fla. 3d DCA 1990); Fischer v. Barnett Bank of South Florida, N.A., 511 So.2d 1087 (Fla. 3d DCA 1987); Bayview Tower Condominium Ass'n. v. Schweizer, 475 So.2d 982 (Fla. 3d DCA 1985).
*1135 The trial court's order denying defendant's motion for relief from judgment and motion to vacate default judgment is affirmed.
AFFIRMED.
ANSTEAD, J., concurs.
KLEIN, J., concurs specially with opinion.
KLEIN, Judge, concurring specially.
Although I have no disagreement with the reasoning or result reached on the issue decided by the majority, I would affirm the service of process issue for a different reason.
Defendant was personally served with a copy of the complaint by the sheriff in her state of residence, New York. She sent the complaint to her insurer, assuming it would defend her, but the insurer failed to do so. Both defendant and the insurer were sent copies of orders setting the case for trial on different occasions, as well as other documents, but neither took any action. Ultimately plaintiff obtained a final judgment in October of 1992 and mailed a copy to the insurer requesting payment. On December 29, 1992, the defendant moved for relief under rule 1.540 alleging excusable neglect and that the judgment was void because of a defect in service of process.
Defendants' only argument regarding the defective service of process is that the complaint failed to allege that defendant was a non-resident of Florida. Even if defendant were correct in her assertion that the complaint had to allege that she was a non-resident, it would not make this judgment void and therefore susceptible to being set aside as void under rule 1.540(b).
In State v. Chillingworth, 126 Fla. 645, 171 So. 649, 652 (1936), the court stated:
A distinction is to be noted between a total want of service where the defendant received no notice at all, and a service which is irregular or defective but actually gives the defendant notice of the proceedings against him. The former confers no jurisdiction of the person by the court, but the latter or defective service of process, on the contrary, confers jurisdiction upon the court of the person summoned so that the judgment based upon it is voidable only and not void and cannot be collaterally attacked. (Citation omitted)
In Craven v. J.M. Fields, Inc., 226 So.2d 407, 410 (Fla. 4th DCA 1969), this court stated:
The initial return in the instant case was irregular but the service was sufficient to put the defendant on notice of a proceeding instituted against it. However, the defendant saw fit to simply ignore the process, sit idly by, let default be entered against it, a jury trial initiated and final judgment entered pursuant to that jury verdict without making any effort to use the defenses available to it by Rule 1.140(b), Fla.RCP, 30 F.S.A. A party complaining of an irregular service or return is required to move diligently to effectuate those remedies available to him by our rules of civil procedure lest he suffer the consequences. [Citations and footnote omitted]
The Restatement (Second) of Judgments § 3 (1980), Irregularity of Notice provides:
When actual notice of an action has been given, irregularity in the content of the notice or the manner in which it was given does not render the notice inadequate.
It is only where service is so defective as to amount to no notice that a judgment is void, because then there is a denial of due process. Gelkop v. Gelkop, 384 So.2d 195 (Fla. 3d DCA 1980). Where notice is adequate,[6] defects in process or service of process are waived if not timely raised. Rule 1.140(b). See Schneiderman v. Cantor, 546 So.2d 51 (Fla. 4th DCA 1989).
I would therefore affirm this case because the service of process issue could not have been raised by this 1.540 motion. I agree with the majority that the other asserted *1136 ground of the 1.540 motion, excusable neglect, is without merit.
NOTES
[1] The issue of whether this omission renders the judgment void or merely voidable has not been briefed by the parties. The defendant asserted that because of the failure to allege nonresidency in the complaint, the trial court never properly obtained personal jurisdiction over the nonresident defendant. If the failure to allege nonresidency is a mere irregularity, but the service sufficient to put the defendant on notice of a proceeding, the judgment may indeed be only voidable and not subject to collateral attack. See Craven v. J.M. Fields, Inc., 226 So.2d 407 (Fla. 4th DCA 1969). However, defendant is alleging that the failure to allege nonresidency is an omission of an essential requirement of the statute, which renders the judgment void. See, e.g., Demars v. Village of Sandalwood Lakes Homeowners Ass'n, Inc., 625 So.2d 1219 (Fla. 4th DCA 1993), citing Catlett v. Chestnut, 107 Fla. 498, 146 So. 241 (1933). Because this issue was not raised below by plaintiff and because we hold that the failure to allege nonresidency is not an essential statutory predicate to acquire personal jurisdiction over a nonresident, we do not decide the issue of whether an omission of a statutory requirement would render the judgment void or merely voidable.
[2] The section of Florida's long arm statute providing that personal jurisdiction may be acquired on a nonresident who has committed a single tortious act in this state by personal service outside of Florida, has long since passed constitutional muster. Godfrey v. Neumann, 373 So.2d 920 (Fla. 1979), citing Rosenblatt v. American Cyanamid Co., 86 S.Ct. 1, 15 L.Ed.2d 39 (1965); International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
[3] To contest the jurisdictional allegations, the defendant must file an affidavit which then shifts the burden back to the plaintiff. See Venetian, 554 So.2d at 502.
[4] The basis for defendant's argument of excusable neglect is the conclusory statement in her affidavit that it was her understanding that "my insurance carrier would see to it that a proper defense was presented." She recites no factual basis for this reliance.
[5] The actions of the insurer are consistent with gross negligence in failing to respond to a plethora of legal pleadings sent both to the defendant and her insurer. See Hurley v. Government Employees Insurance Co., 619 So.2d 477 (Fla. 2d DCA 1993).
[6] Whether a judgment is void because of defects in the manner in which constructive notice is given, rather than the actual notice involved in this case, is another matter. See Demars v. Village of Sandalwood Lakes, 625 So.2d 1219 (Fla. 4th DCA 1993).