GRIFFIN, Judge.
We affirm the appealed order of dismissal based on lack of in personam jurisdiction. Specifically, we observe that Seale is not entitled to an evidentiary hearing.
The relevant pleading, an unsworn “Amended Counterclaim and Crossclaim,” which attempted to add Mathewson and Guardian as parties to the lawsuit, is lacking in any jurisdictional allegation. Seale acknowledges in his brief that the court is required to conduct a hearing only if the party seeking dismissal tenders proof by affidavit regarding the truth of adequately stated jurisdictional allegations. This is because, unless waived, service of such a complaint lacking allegations sufficient to support in personam jurisdiction is void and cannot support a judgment. See e.g., Pluess-Staufer Industries, Inc. v. Rollason Engineering & *1122 Mfg., Inc., 597 So.2d 957 (Fla. 5th DCA), review denied, 606 So.2d 1166 (Fla.1992); Plummer v. Hoover, 519 So.2d 1158 (Fla. 5th DCA 1988).
Seale claims that the factual allegations pleaded under the various theories of liability are sufficient to establish a basis for jurisdiction under section 48.193(l)(b) (commission of a tort in Florida) or 48.193(l)(g) (breach of a contract in Florida). As to Mathewson, the allegations are that he “orchestrated” Black Industries’ false and untrue complaint against Seale and “other improper and fraudulent actions” of Black Industries, including the creation and use of a forged resignation of Seale. As to Guardian, it is alleged that “together with Mathewson, Guardian orchestrated” the seizure of Seale’s vehicles.
These allegations are not sufficient to state a cause of action for any cognizable tort, much less one that these counterdefendants committed in Florida. Even the count for fraud is not based on any claim that Seale was fraudulently induced by Mathewson’s communications to Seale in Florida, seeking to merge Tristar and Black Industries and urging Seale to accept the position of Chairman of the Board of Black Industries. These are the communications contained in Seale’s affidavit but Seale’s fraud claim is that he was fraudulently induced to resign in exchange for compensation never intended to be paid. Nothing in the complaint even indicates where these allegedly fraudulent acts occurred. As to breach of contract, there is nothing anywhere in the complaint to suggest that either Mathewson or Guardian had any contractual relationship with Seale, much less that there was a breach of a duty required to be performed by them in Florida.
The affidavits of Mathewson filed for Guardian and for himself do allege that they have not conducted any business or business venture in Florida. “Conducting business” in Florida is not the basis of Seale’s jurisdictional claim, however, and even if it were, the allegations contained in Seale’s affidavit are not sufficient.
AFFIRMED.
DAUKSCH, J., concurs.
GOSHORN, J., concurs in part, dissents in part, with opinion.