Emilio **PINERO**, Plaintiff,

v.

**YAM MARGATE, L.L.C.**, Defendant.

**Case No. 10–60900–CIV.**

United States District Court,
S.D. Florida.

Aug. 12, 2011.

W. Glenn Dill, Dill & Reinfeld, PLLC, Hollywood, FL, for Defendant.

Lauren Nicole Wassenberg, Miami Beach, FL, for Plaintiff.

### ORDER GRANTING MOTION TO QUASH SERVICE OF PROCESS ON DEFENDANT YAM MARGATE, LLC AND EXTENDING SERVICE DEADLINE

WILLIAM P. DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Defendant YAM Margate LLC's Motion to Quash Service of Process [DE 67]. The Court has carefully considered the Motion, Plaintiff's Response [DE 69], Defendant's Reply [DE 70], and is otherwise fully advised in the premises.

In the instant Motion, Defendant YAM Margate LLC moves the Court to Quash Service of Process because the service was (i) executed under the incorrect Florida long arm jurisdiction statute, and (ii) Plaintiff failed to strictly comply with the requirements for substitute service against a domestic corporation. Specifically, Defendant argues that because it is a company, long arm service of process in the instant case should have been performed pursuant to Florida Statutes § 48.181, titled "Service on Nonresident Engaging in Business in State", rather than Florida Statutes § 48.161, titled "Method of Substituted Service on Nonresident", as was specified in the return of service affidavit of Plaintiff's process server. The jurisdictional requirements of Fla. Stat. § 48.181 are that the defendant conducts business in Florida and is either a(1) nonresident, (2) resident of Florida who subsequently became a nonresident, or (3) resident of Florida concealing his or her whereabouts. *See* Fla. Stat. § 48.181; *Alvarado v. Cisneros*, 919 So.2d 585, 589 (Fla. 3rd DCA 2006). The burden of pleading facts that support the applicability of substitute service falls on the party seeking to invoke the provisions of the long-arm statute. *Labbee v. Harrington*, 913 So.2d 679, 682 (Fla. 3rd DCA 2005). Defendant argues that to effectuate service under F.S. § 48.181(1) a party must plead that the company, through its officers or agents, was concealing its whereabouts. Because the Third Amended Complaint does not contain any such allegation, Plaintiff's substituted service in the instant case would not satisfy the strict construction of Fla. Stat. § 48.181(1). Defendant also argues that Plaintiff did not strictly comply with the requirements of Fla. Stat. § 48.161, which requires notification by *registered* or *certified* mail to the Defendant after service upon the Secretary of State.

Plaintiff does not address whether he executed service under the correct Florida long arm jurisdiction statute. Plaintiff also concedes that the he did not strictly comply with Fla. Stat. § 48.161 in attempting long arm service of process in the instant case, but argues that there was no resulting prejudice because Plaintiff's

counsel mailed to the Defendant via *regular* mail a copy of the Motion for a Default and Request for the Clerk to enter judgment. Plaintiff argues that he is not required to amend his Complaint to indicate that the Defendant was willfully and intentionally avoiding service.

Pursuant to Fed.R.Civ.P. 4(h)(1)(A), a domestic or foreign corporation must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual", or (B) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and-if the agent is one authorized by statute and the statute so requires-by also mailing a copy of each to the defendant ..." Rule 4(e)(1) allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed.R.Civ.P. 4(e)(1).

Florida service of process on a corporation doing business in the State of Florida is governed by Fla. Stat. § 48.081(1). Long arm service on corporations is governed by Fla. Stat. § 48.181, which states that it governs service on "any person who is a resident of the state and who subsequently ... conceals his or her whereabouts ...".

 Statutory provisions for substituted service of process must be strictly construed. *George Fischer, Ltd. v. Plastiline, Inc.*, 379 So.2d 697 (Fla. 2nd DCA 1980). The statutes governing long-arm jurisdiction are to be strictly construed. *Esberger v. First Florida Business Consultants, Inc.*, 338 So.2d 561 (Fla. 2nd DCA 1976). The Florida long-arm statute was to be strictly construed. *Spencer Boat Co., Inc. v. Liutermoza*, 498 F.2d 332 (5th Cir. 1974) [1].

The Court finds that Plaintiff attempted to perform substitute service pursuant to Fla. Stat. § 48.161, when he should have performed substitute service pursuant to Fla. Stat. § 48.181(1). Further, the Court finds that Plaintiff did not strictly comply with the requirements of Fla. Stat. § 48.161, which required Plaintiff, after serving the Florida Secretary of State, to file proof that he sent by registered or certified mail, on or before the return day for the service of process, a copy of the Third Amended Complaint and affidavit of service to Defendant. Accordingly the Court is quashing the service of process served on April 21, 2011.

Accordingly it is **ORDERED AND ADJUDGED** as follows:

1. Defendant YAM Margate LLC's Motion to Quash Service of Process [DE 67] is hereby **GRANTED;**

2. Service of process purportedly served on April 21, 2011 is hereby quashed;

3. Plaintiff is hereby directed to effectively serve the Defendant in compliance with the Federal Rules of Civil Procedure and file the affidavit of service on or before September 9, 2011.

4. Failure to timely serve the Third Amended Complaint shall result in the immediate dismissal without prejudice of this case

---

**1.** The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.