DELL, Judge.
Appellant seeks reversal of an order of the State of Florida Department of Professional Regulation, Board of Nursing, that found him in default and ordered revocation of his license to practice nursing. Appellant contends that the order must be *710 reversed because the department failed to comply with the notice requirements of section 120.60(6), Florida Statutes (1983). We agree and reverse.
On April 24, 1984, based on complaints made against appellant, the Department of Professional Regulation (Department) filed an administrative complaint against him. On May 24, 1984, appellant signed an election of rights disputing the facts alleged in the administrative complaint and requesting a formal hearing pursuant to section 120.57(1), Florida Statutes (1981). The form listed appellant’s address as 4421 N.W. 22nd Street, Lauderhill, Florida 33313. On August 23, 1984, for reasons not disclosed in the record, a staff attorney for the Department filed a notice of voluntary dismissal without prejudice of the complaint. On November 6, 1984, the division entered an order closing the file.
On April 11, 1985, the Department filed an amended administrative complaint alleging the same facts as the first complaint. The Department attempted service by certified mail, return receipt requested, at the address indicated above. The Department also sent an investigator to the Lauderhill address on three occasions and also made an attempt to serve the complaint at appellant’s business address. After failing in its attempts to serve appellant by certified mail or by personal service, the Department published a notice of action in the Leon County News on August 15, 22, 29 and September 5, 1985. On October 1, 1985, the Department moved for a default. The Board of Nursing conducted a hearing and on January 9, 1986 found appellant in default and revoked his license to practice nursing.
We find no merit in the Department’s argument that the complaint filed on April 11, 1985 constituted a continuation of the earlier action in which appellant appeared. The Department voluntarily dismissed the original action and the Division entered an order closing the file. The filing of the amended complaint constituted a new action and the Department had the duty to comply with section 120.60(6), Florida Statutes (1983):
(6) No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the entry of a final order, the agency has served, by personal service or certified mail, an administrative complaint which affords reasonable notice to the licensee of facts or conduct which warrant the intended action and unless the licensee has been given an adequate opportunity to request a proceeding pursuant to s. 120.57. When personal service cannot be made and the certified mail notice is returned undelivered, the agency shall cause a short, simple notice to the licensee to be published once each week for 4 consecutive weeks in a newspaper published in the county of the licensee’s last known address as it appears on the records of the board. If no newspaper is published in that county, the notice may be published in a newspaper of general circulation in that county. If the address is in some state other than this state or in a foreign territory or country, the notice may be published in Leon County.
The record shows that appellant did not receive personal service or service by certified mail and that the Department failed to comply with the statute when it attempted to effect service by publication in Leon County. Appellant’s last known address, as it appeared in the Department’s records, was in Broward County, Florida. There is nothing in the record to indicate that appellant had an address in some other state or in a foreign territory or country. Yet the Department elected to publish the notice in Leon County. The notice did not comply with section 120.60(6).
Therefore we reverse the order granting a default and revoking appellant’s license without notice as required by the applicable Florida Statutes.
REVERSED.
HERSEY, C.J., and STONE, J., concur.