PER CURIAM.
Appellant challenges a final order revoking his firefighter certification on the ground that he was not given sufficient notice of an opportunity to seek a hearing on the complaint lodged against him. We agree, and vacate the final order and remand for a hearing.
Appellee, the State Fire Marshal, sent to the appellant via certified mail to an address in Winter Springs, Florida, an administrative complaint charging appellant with violation of the conditions of his certification as a firefighter. The letter was returned to the appellee, with a forwarding address listed on the receipt. The complaint was then sent to the appellant at the forwarding address, but again the letter was returned. Thereafter, the appellee employed a private investigator who, according to his affidavit, looked for appellant at the first address. Not finding the appellant, the investigator checked an address listed in the telephone book as the residence of Benjamin Baker, but this man was not the appellant. The appellee then proceeded to have notice published in the Orlando Sentinel on four consecutive Wednesdays. After appellant failed to timely request an administrative hearing, a final order revoking the appellant’s certification issued. This order recites, among other things: “subsequent to a diligent search, the Respondent could not be located for personal service of said Administrative Complaint.” The appellant filed a motion for rehearing, arguing that the appellee failed to make a diligent search before resorting to service by publication. The rehearing motion was denied.
Section 120.60(7), Florida Statutes (1989), provides that no revocation of “any license is lawful unless, prior to the entry of the final order, the agency has served, by personal service or certified mail, an administrative complaint....” The statute provides further that “[w]hen personal service cannot be made and the certified mail notice is returned undelivered, the agency shall cause a short, simple notice to the licensee to be published.... ”
Appellee maintains on appeal that the affidavit of the private investigator employed to perfect personal service on appellant establishes that diligent search was made to locate appellant. We disagree. The affidavit, in its entirety (except for jurat of Notary Public), is as follows:
*729 AFFIDAVIT OF NON-SERVICE
STATE OF FLORIDA COUNTY OF ORANGE
BEFORE ME, the undersigned authority, personally appeared, E. Lindsey Bod-den, of Investigation Resources, Inc., (State of Florida License Number GA8500423), and being duly sworn, deposes and says:
1. I received the attached Administrative Complaint on the 17th day of November, 1989, at Post Office Box 2547, Orlando, Florida 32802.
2. Service was not made by me for the following reasons: The Benjamin F. Baker has moved from 1036 Winter Springs Blvd., Winter Springs, Florida, present address unknown. A Benjamin Baker (no middle initial) was found at 3629 Sweetgrass Circle, Winter Springs, Florida, but after speaking with Mr. Baker I determined him to be a different Benjamin Baker than the one sought in the Complaint.
3. I am not a party to this action, I do not have an interest in the outcome of this action, and I am not less than Eighteen (18) years of age.

/s/ E. Lindsey Bodden

Private Investigator for
Investigation Resources, Inc.
Post Office Box 2547
Orlando, Florida 32802
As may be seen from the foregoing, the affidavit contains no statement as to the extensiveness of the search effort, diligent or otherwise, and does not purport to show that “personal service cannot be made,” so as to satisfy the statutory prerequisite for service by publication. Instead, the investigator’s affidavit simply recites that appellant “has moved from 1036 Winter Springs Blvd., Winter Springs, Florida,” and that his present address is “unknown.” Whether or not the investigator actually went to the premises identified, and how he came to the conclusion that appellant’s address was “unknown,” is not disclosed. The affidavit thus falls short of demonstrating that the investigator had personal knowledge of the facts recited. Even assuming personal knowledge, however, the affidavit demonstrates only a minimal effort to locate appellant; and it falls far short of showing that appellant could not be found. No explanation is given why efforts to locate appellant were not made through his employer, City of Orlando Fire Department, although the appellee was well aware of appellant’s continued employment with the fire department, as evidenced by correspondence found in the record on appeal. Thus, virtually no effort was made, so far as the record discloses, to make a “diligent search” as found by appellee in its order.
It is an accepted principle that service by publication “is less likely to provide effective notice to a [party] than personal service; thus, service by publication should only be used when necessary.” Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225, 1227 (Fla.1986). When construing section 49.011, et. seq., which provides for service of process by publication in certain enumerated civil suits, the courts have uniformly held that before resort to constructive means of service by publication, a party seeking to utilize such service must be able to show that personal service could not be made. See, for example, Canzoniero v. Canzoniero, 305 So.2d 801 (Fla. 4th DCA 1975) (the test is whether the complainant reasonably employed the knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstance to acquire the information necessary to enable him to effect personal service on the defendant).
We hold that the requirements of the statute authorizing service by publication were not met in this case in that there was an absence of diligent inquiry and a conscientious effort to locate appellant reasonably employing knowledge known by or readily available to appellee. As a result, appellant was denied his due process right to request a hearing, and appellee’s order was entered without compliance with the requirements of law. We do not have before us, however, and therefore express no opinion on any issue relating to the sufficiency of the complaint or the merits of any defenses appellant may claim.
Accordingly, we vacate the final order and remand with directions that the appel *730 lant shall have the opportunity to petition for a hearing in accordance with the procedures set out in the administrative complaint.
SMITH, BARFIELD and WOLF, JJ., concur.