SHIVERS, Judge.
This is an appeal from a final order of the Florida Board of Pharmacy (“Florida Board”) revoking Appellant Schram’s license to practice as a pharmacist in the State of Florida. Schram was the respondent in the proceedings below and the Department of Professional Regulation (“DPR”) was the petitioner. The Florida Board is the administrative body charged with final agency action in the licensing and regulation of pharmacists pursuant to section 20.30, Florida Statutes (1991), and chapters 455 and 465, Florida Statutes. Based on our finding that DPR’s action was “impaired by a material error in procedure or a failure to follow prescribed procedure,” we vacate the final order and remand the case for further agency action in accordance with section 120.57, Florida Statutes (1991). See section 120.68(8), Florida Statutes (1991).
In January 1978, Schram was granted a license to practice pharmacy in the State of Florida. From 1978 to the present, he has resided at various addresses in Michigan. As a Florida licensee, Appellant had a duty to apprise the Florida Board as to his current mailing address. See Rule 21-6.012, Florida Administrative Code. The records of the Florida Board showed his last known address as 6209 Ramwyck Court in West Bloomfield, Michigan. In fact, Schram moved to another address in West Bloomfield in February 1988 and moved again in November 1989 to Troy, Michigan. On May 3, 1989, a consent order was issued by the State of Michigan, Department of Licensing and Regulation, Board of Pharmacy, suspending Schram’s pharmacist's and controlled substance licenses for eighteen months and imposing a fine. The consent order also revoked the pharmacy and controlled substance licenses of Detroit Discount Prescriptions, Inc., of which Schram was a 50% owner.
On September 20, 1989, DPR began investigating the matter for a possible violation of section 465.016(l)(h), Florida Statutes (1989), which provides for disciplinary action where a pharmacist has been disciplined by another state’s regulatory agency “for any offense that would constitute a violation of this chapter.” An administrative complaint was filed on April 3, 1990, based on the DPR panel’s memorandum of finding of probable cause.
The applicable notice requirements appear in section 120.60(7), Florida Statutes (Supp.1990), which provides in pertinent part:
No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the entry of a final order, the agency has served, by personal service or certified mail, an administrative complaint which affords reasonable notice to the licensee of facts or conduct which warrant the intended action and unless the licensee has been given an adequate opportunity to request a proceeding pursuant to s. 120.57. When personal service cannot be made and the certified mail notice is returned undelivered, the agency shall cause a short, simple notice to the licensee to be published once each week for 4 consecutive weeks in a newspaper published in the county of the licensee’s last known address as it appears on the records of the board.... If the address is in some state other than this state ..., the notice may be published in Leon County....
See also section 120.57(l)(b)2, Florida Statutes (1991). DPR sent a certified letter, return receipt requested, containing the administrative complaint to the Ramwyck Court address in Michigan. The envelope was returned as “not deliverable as addressed” in April 1990. A notice of action was published weekly over four consecutive weeks in The Leon County News in May 1990.
In June 1990, DPR moved for the Florida Board to take final action and to enter an order of default, based on Appellant’s fail *1309 ure to respond following service by publication. The motion for default was mailed to the Ramwyck Court address. Schram received actual notice of the hearing for entry of the final order on May 6, 1991, nearly one year later. Prior to that, he had received no information concerning the Florida investigation of his license. In a letter dated May 24, 1991, counsel for Appellant apprised DPR of the circumstances and stated further:
Obviously, Mr. Schram is concerned about any licensing action the state of Florida might undertake.
Therefore, I would request that any default, if one has been entered by the Board of Pharmacy, be set aside, since Mr. Schram did not have notice sufficient to defend against the instant charges....
Additionally, enclosed please find a signed and notarized copy of Mr. Schram’s election of rights. At this point, Mr. Schram is interested in disputing certain allegations of fact contained in the complaint and requests a formal hearing. However, I would be interested in discussing this matter with you since Mr. Schram is presently without a pharmacy license in the State of Michigan. Therefore, he may be willing to enter into a consent order in the state of Florida. However, Mr. Schram is presently in the process of reacquiring his Michigan license and such reacquisition would obviate the state of Florida’s need to suspend his license since his Michigan activity is the basis for the state of Florida complaint.
In fact, the Florida Board had already issued a final order on May 13, 1991, finding a default on the part of Appellant and revoking his license to practice pharmacy in Florida pursuant to section 465.016(l)(h), Florida Statutes (1989).
Clearly, the statutory option of notice by certified mail was unsuccessful. The issue on appeal is whether DPR acted with due diligence to determine whether personal service could be made, pursuant to section 120.60(7), Florida Statutes (Supp.1990), to provide Appellant with reasonable notice of the administrative complaint and licensing investigation.
We find the circumstances in Baker v. Office of the Treasurer, Dep’t of Insur., 575 So.2d 727 (Fla. 1st DCA1991), are analogous to the instant facts. In Baker, the State Fire Marshal sent the administrative complaint to Baker, by certified mail, charging a violation of the conditions of certification as a firefighter. The letter was returned to Appellee, with a forwarding address listed on the receipt. The letter was returned from the forwarding address as well. Appellee hired a private investigator, whose follow-up of a lead from a name in the telephone book proved unsuccessful in locating Appellant. Notice was published in the local newspaper. After Baker failed to timely request an administrative hearing, his certification was revoked by final order of the Department of Insurance. Appellant moved for rehearing on the basis that he had not been given sufficient notice of the opportunity to seek a hearing on the complaint against him. See section 120.60(7), Florida Statutes (Supp.1990). Rehearing was denied. Id. at 728.
On appeal, Appellee maintained that the affidavit of the investigator employed to perfect personal service on Baker established that a diligent search had been made to locate him. We vacated the final order and remanded for a hearing, stating:
We hold that the requirements of the statute authorizing service by publication were not met in this case in that there was an absence of diligent inquiry and a conscientious effort to locate appellant reasonably employing knowledge known by or readily available to appellee. As a result, appellant was denied his due process right to request a hearing, and appellee’s order was entered without compliance with the requirements of law.
Id. at 729.
As in Baker, we note here that “a party seeking to utilize such service [by publication] must be able to show that personal service could not be made.” Id.; see Canzoniero v. Canzoniero, 305 So.2d 801, 803 (Fla. 4th DCA1975). Appellant relies *1310 partly on DPR s receiving the Michigan address of Appellant’s counsel by letter of May 24, 1991. We note, however, that DPR received that correspondence after issuance of the final order. Nevertheless, the Michigan agencies with which Appellee communicated evidently were successful in locating Schram concerning the Michigan licensing investigation. The record demonstrates that by March 1990, the Florida Board was aware of the investigation and the disciplinary actions taken in the State of Michigan, as those prior proceedings formed the basis for the Florida disciplinary action. The address of Appellant’s pharmacy appears on the Michigan consent order. Highsmith v. Department of Prof. Reg., Bd. of Opticianry, 499 So.2d 19 (Fla. 1st DCA1986) (knowing residential address was outdated, DPR’s failure to send notice to known business address failed to meet due process requirements of chapter 120). We find the particular facts of the case sub judice are such that Appellee did not show personal service on Schram could not be made. Accordingly, Appellee failed to satisfy the requirements of section 120.60(7), Florida Statutes (Supp.1990). We vacate the final order and remand for a hearing pursuant to chapter 120, Florida Statutes. See Lafergola v. Department of Prof. Reg., Bd. of Nursing, 497 So.2d 709 (Fla. 4th DCA 1986) (DPR’s failure to comply with notice requirements required reversal of order revoking nursing license). We are not presented with, and therefore express no opinion on, any issue relating to the sufficiency of the administrative complaint or the merits of any defenses Appellant may claim.
REVERSED and REMANDED.
WIGGINTON and BARFIELD, JJ., concur.