652 So.2d 382 (1995)
GREAT AMERICAN INSURANCE COMPANY, Appellant,
v.
Robert BEVIS and Suzanne Bevis, husband and wife, Appellees.
Esteban RODRIGUEZ, Appellant,
v.
Robert BEVIS and Suzanne Bevis, husband and wife, Appellees.
Nos. 93-02472, 93-02474.
District Court of Appeal of Florida, Second District.
January 13, 1995.
Rehearing Denied March 15, 1995.
John P. Wiederhold and Lawrence I. Bass of Wiederhold, Moses, Bulfin & Rubin, P.A., West Palm Beach, for Great American Ins. Co.
David C. Beers and Rutledge M. Bradford of Beers, Jack, Tudhope & Wyatt, P.A., Maitland, for Esteban Rodriguez.
Jeffrey M. Liggio of Liggio & Luckman, P.A., and Philip M. Burlington, of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellees.
*383 QUINCE, Judge.
Great American Insurance Company (Great American) and Esteban Rodriguez (Rodriguez) appeal an order denying their motion to vacate and set aside a final judgment. Because the appellees failed to allege in their complaint the information necessary to have substituted service of process, and because the trial court found Great American did not have standing to contest the final judgment, we reverse.
The appellees, Robert and Suzanne Bevis, filed a complaint against Rodriguez and others for damages arising out of an automobile accident. Rodriguez was the driver but not the owner of one of the vehicles involved in the accident. The jurisdictional grounds alleged in the complaint as to Rodriguez were that appellees believed Rodriguez resided in DeSoto County, Florida, and that the cause of action arose from an automobile accident occurring in DeSoto County, Florida.
After failing to locate Rodriguez, appellees attempted substituted service of process pursuant to section 48.171, Florida Statutes (1987). The secretary of state accepted service. Appellees were subsequently granted a default.
The appellees originally filed a demand for a jury trial. They also served a notice to set cause for trial by jury. However, before trial they served an amended notice to set cause for nonjury trial. An order setting the case for nonjury trial was entered by the court. In the nonjury trial the court awarded the appellees damages of $720,000.
Great American insured Rodriguez through a policy issued on a vehicle not involved in the accident. Appellees' counsel contacted Great American regarding the lawsuit prior to trial. Great American attempted to locate Rodriguez; however, there was no contact or cooperation from Rodriguez. The vehicle involved in the accident was not insured by them. Therefore, Great American took the position there was no coverage and did not participate in the litigation.
After discovering some eleven months later that a final judgment had been entered against Rodriguez, Great American sought to protect its interests by filing a motion to intervene. The motion was granted. Great American also filed a motion to vacate and set aside the final judgment alleging lack of personal jurisdiction over Rodriguez. Counsel for Rodriguez filed a motion for special appearance for relief from final judgment alleging a lack of personal jurisdiction. The trial court entered an order denying the motions. Both Great American and Rodriguez filed timely notices of appeal.
Great American and Rodriguez raise four points on appeal. We find appellants' arguments persuasive and reverse on two points. Appellants' other arguments are moot based upon our decision.
The appellants correctly argue there was improper service on Rodriguez. To constitute the secretary of state as agent for a defendant motor vehicle operator, the plaintiff must allege in his complaint that the defendant is a nonresident, or a resident of Florida who subsequently became a nonresident, or a resident of Florida concealing his whereabouts. § 48.171, Fla. Stat. (1987). Florida Rule of Civil Procedure 1.070(h) allows the plaintiff to allege the basis for substituted service in the language of the applicable statute without pleading the supporting facts. The complaint in this case does not allege either of the three requirements under section 48.171.
The constructive service statute is to be strictly construed against a party seeking to obtain service under it. McAlice v. Kirsch, 368 So.2d 401 (Fla. 3d DCA 1979). If the complaint fails to allege the jurisdictional requirements for substituted service as prescribed by the statute, a defendant cannot be properly served by substituted service. Drake v. Scharlau, 353 So.2d 961, 964 (Fla. 2d DCA 1978). A judgment entered without valid service is void for lack of personal jurisdiction and may be collaterally attacked at any time. Kennedy v. Richmond, 512 So.2d 1129 (Fla. 4th DCA 1987); Falkner v. Amerifirst Federal Savings and Loan Association, 489 So.2d 758 (Fla. 3d DCA 1986); Tucker v. Dianne Electric, Inc., 389 So.2d 683 (Fla. 5th DCA 1980). The appropriate procedure for attacking a void judgment is by a motion for relief from judgment pursuant *384 to Florida Rule of Civil Procedure 1.540(b). Tucker, 389 So.2d at 684.
The appellees' only jurisdictional allegation as to defendant Rodriguez was an allegation, "upon information and belief," that Rodriguez resided in DeSoto County, Florida. This falls short of the statutory requirements necessary to authorize substituted service upon the secretary of state. The appellees' argument that they made a diligent search for Rodriguez was premature. One cannot argue a diligent search was made to find a defendant until one properly alleges the requisite items in section 48.171. Since Rodriguez was never properly served, the trial court erred in denying appellants' motion to set aside the final judgment.
The trial court also erred in finding Great American did not have standing to attack the final judgment. The trial court granted Great American's motion to intervene and then denied it the right to argue any issue on the merits. In U.S. Fire Insurance Co. v. Ted Satter Enterprises, Inc., 447 So.2d 1032 (Fla. 4th DCA 1984), an insurer refused to defend the insured in the original suit. Almost one year after the judgment was entered, the insurer sought to intervene. The Fourth District Court held an insurance company has standing to intervene if the insurance company's argument is based upon lack of valid service on the insured. Id. Similarly, Great American had standing to intervene and to defend against the final judgment since the basis of its argument was invalid service upon Rodriguez.
Reversed and remanded for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., concurs.
ALTENBERND, J., dissents with opinion.
ALTENBERND, Judge, dissenting.
The majority holds that a judgment obtained on constructive service of process is void, not voidable, if the complaint fails to allege in conclusory terms the basis for constructive service of process  even when the evidence supporting that constructive service is in the record. Although failure to amend the complaint to conform to the evidence in the record may have been a technical error that could have been challenged on a motion to quash, I do not believe it is the type of error that renders a subsequent judgment void for purposes of Florida Rule of Civil Procedure 1.540. I recognize that constructive service must be strictly obeyed to satisfy the requirements of due process, but the trial court did not err in denying this motion for relief from judgment when the alleged error had no impact on the due process received by Mr. Rodriguez.
Section 48.171, Florida Statutes (1987), does not require that the basis for service of process on a nonresident motor vehicle operator be alleged in the complaint. That procedural requirement, as modified after Drake v. Scharlau, 353 So.2d 961 (Fla. 2d DCA 1978), is contained in Florida Rule of Civil Procedure 1.070(h). Rule 1.070(h) merely requires a complaint to allege a basis for long-arm jurisdiction in the language of the applicable statute. The effect of today's decision is to void any judgment in Florida which has been obtained on a form 1.946 motor vehicle negligence complaint if the complaint was not amended when the plaintiff's attorney discovered that the defendant would need to be served pursuant to section 48.171. The judgment is void even if constructive service was factually appropriate and the service was sufficiently performed.
In this case, the plaintiffs filed a typical motor vehicle negligence complaint against several defendants. The complaint alleged "on information and belief" that Mr. Rodriguez lived in DeSoto County. After several months, the plaintiffs filed an affidavit describing many steps that had been taken to locate Mr. Rodriguez from the information in the standard traffic accident report. The plaintiffs' efforts included inquiries in Virginia where his driver's license had been issued and a notice published in two local DeSoto County newspapers seeking information on his whereabouts. Because these efforts failed to locate Mr. Rodriguez, the plaintiffs obtained a summons to serve Mr. Rodriguez by substitute service on the secretary of state under section 48.171. The summons was thereafter served on the secretary of state.
*385 After a default was entered on this substitute service, the plaintiffs withdrew their request for trial by jury and sent a copy of this notice to Mr. Rodriguez's last known address, General Delivery, Arcadia, Florida.[1] The trial court entered judgment against Mr. Rodriguez in March 1992. A motion for relief from judgment was filed almost one year later  after the plaintiffs had filed a bad faith action against Great American Insurance Company in another jurisdiction.[2]
The motion for relief from judgment argues that the judgment is void for three reasons. First, it maintains that the judgment is void because the complaint was never amended to include the information alleged in the plaintiffs' affidavit. Second, it maintains that the judgment is void because the affidavit describing the search for Mr. Rodriguez is insufficient to support constructive service of process. Finally, it argues that the judgment is void because the plaintiffs waived trial by jury without obtaining the consent of Mr. Rodriguez. All three grounds are insufficient.
Considering the last ground first, Curbelo v. Ullman, 571 So.2d 443 (Fla. 1990), clearly establishes that Mr. Rodriguez cannot use rule 1.540 to challenge the waiver of a jury in this case. The final judgment was sent to Mr. Rodriguez's last known address. He did not seek timely rehearing. The decision to try the case nonjury did not void this judgment.
Second, the due diligence affidavit from plaintiffs' counsel did not establish an abbreviated or cursory search for Mr. Rodriguez. The affidavit recites efforts to find a current address through the post office and to locate an active driver's license. The plaintiffs hired an investigator to look for Mr. Rodriguez and placed an advertisement in two local papers for ten days seeking information as to his whereabouts. Although Mr. Rodriguez argues that other steps could have been taken, it is significant to me that he does not demonstrate any reasonable step that the plaintiffs could have taken that would have found him at his current location in New York. The trial court did not abuse its discretion in determining that these efforts were sufficient.
Finally, when the evidence to support long-arm jurisdiction is in the record, the failure to allege the legal basis for long-arm jurisdiction in an amended complaint is a technical pleading omission that does not void a judgment. There are many issues that can be raised prejudgment on a motion to quash or as issues in a direct appeal that are not a basis for relief under rule 1.540. An error concerning service of process does not entitle one to relief under rule 1.540 unless the error is sufficient to render the judgment void. Craven v. J.M. Fields, Inc., 226 So.2d 407 (Fla. 4th DCA 1969); 33 Fla.Jur.2d Judgments and Decrees §§ 310-312 (1994). In Demars v. Village of Sandalwood Lakes Homeowners Ass'n, 625 So.2d 1219 (Fla. 4th DCA 1993), the court held that a judgment is voidable, not void, where the affidavit supporting constructive service is conclusory in nature. If a defect in the actual evidence in the record only renders such a judgment voidable, it is difficult for me to understand how a defect in the allegations, accompanied by sufficient record evidence, renders the judgment void. Cf. Paleias v. Wang, 632 So.2d 1132 (Fla. 4th DCA 1994) (Klein, J., concurring) (where defendant was personally served, failure to allege in complaint that defendant was nonresident did not render judgment void). The cases cited by the majority are all factually distinguishable from this case.
The technical error in this case involves the adequacy of service of process, but not jurisdiction over the person of Mr. Rodriguez. If Mr. Rodriguez had established that the minor deficiencies in service of process in this case created even a reasonable possibility that he was deprived of actual notice of this lawsuit, I would conclude that the judgment *386 was voidable. There is no doubt in my mind, however, that the plaintiffs were legally entitled to serve Mr. Rodriguez through the secretary of state and that his own actions made it impossible for him to receive actual notice. Admittedly, this judgment was entered on constructive service without his knowledge, but his knowledge of this lawsuit would not have been any greater if the plaintiffs had amended their complaint to include a magic legal phrase.
NOTES
[1] Mr. Rodriguez's affidavit in support of the motion for relief from judgment indicates that he is a migrant laborer.
[2] From the arguments of counsel at the hearing on the motion for relief from judgment, it appears that Great American was aware of the lawsuit against Mr. Rodriguez prior to the trial, but did not believe its policy covered the claim nor obligated it to defend Mr. Rodriguez.