ALTENBERND, Acting Chief Judge,
concurring.
I concur in the result in this ease with great reluctance. In my opinion, the judgment against Linda Allbritton was not void, but voidable. See Great American Ins. Co. v. Bevis, 652 So.2d 382, 384 (Fla. 2d DCA *538 1995) (Altenbemd, J., dissenting). Because of the presumption that her attorney of record was authorized to represent her, I believe the judgment was valid until she presented evidence to overcome the presumption. If the trial judge had ruled against Mrs. Allbritton because he did not find her testimony credible, I would affirm that decision. In this case, the law severely penalizes a plaintiff for trusting the word of defense counsel. Mr. Stahlman should not be without an adequate remedy for his reasonable reliance under these circumstances.
This case arises out of a dispute among investors in a used car dealership. Arthur M. Allbritton and Linda Allbritton are husband and wife and are listed as jointly owning 50% of the relevant partnership or limited liability company. Their son, Michael Allbritton, held a state license to operate the business. Mr. Stahlman invested in the business and owned a 25% share. Mr. Stahlman named only Arthur M. Allbritton as a defendant in his original complaint. Interestingly, the record contains a representation by the plaintiffs attorney that the initial service of process was accomplished by substituted service on Mrs. Allbritton. Thus, she knew that her husband had been sued for his activities in a partnership in which she held a 50% joint ownership. Attorney Robert A. Meade, Jr., filed an answer to this lawsuit on behalf of Arthur Allbritton.
Following discovery, the plaintiffs attorneys concluded that Mrs. Allbritton needed to be joined as a defendant in this action. An affidavit from one of the plaintiffs attorneys states that he discussed with Mr. Meade the need to join Mrs. Allbritton in this action and that Mr. Meade agreed to accept service on her behalf. The pretrial conference order expressly allowed the plaintiff to amend his complaint and provided that Mr. Meade would file an answer on behalf of both Arthur and Linda Allbritton. Mr. Meade filed no objection to this order. He filed an answer on behalf of Mrs. Allbritton that did not raise any defense concerning jurisdiction or service of process. Thereafter, he represented Mr. and Mrs. Allbritton at trial. The court entered a judgment against the couple for $31,793.26 on December 19,1994.
The plaintiff filed proceedings supplementary to collect on the judgment in April 1995. In May, Mrs. Allbritton filed a motion objecting on grounds that she was never served with process and had never authorized Mr. Meade to represent her. Her affidavit states that she was unaware of the judgment until the proceedings supplementary. Mr. Meade testified that he had never met Mrs. Allbrit-ton and had filed an answer on authority given to him by Arthur Allbritton. Apparently, she played no role in the earlier trial.
I can understand why Mrs. Allbritton is upset that her husband’s attorney acted on her behalf without her authorization. On the other hand, both the trial judge and the plaintiffs attorney had no reason to distrust the actions of Mr. Meade as an officer of the court. Had the plaintiff known that Mrs. Allbritton required service of process, that step could have been easily accomplished pri- or to the trial. Now Mr. Stahlman does not have a joint and several judgment against the Allbrittons. If he ultimately obtains such a judgment, he will have incurred additional expenses, and the judgment may be inferior to other judgments. I do not regret giving Mrs. Allbritton due process; I regret penalizing a party whose only mistake was trusting an officer of the court.