WARNER, J.
This appeal concerns whether a Bro-ward County probate court administering the estate of Konstantinos Boulis had jurisdiction to order appellant, Paradise of Port Richey, Inc., a company in which the estate had an interest, to allow its books to be inspected and its revenue counts to be observed. Appellant contends that the court never acquired jurisdiction over it, while the estate claims that the court acquired jurisdiction by the appearance of appellant’s attorney at a hearing. Because appellant’s attorney’s presence at the hearing occurred before any petition for relief directed toward appellant was filed and the attorney requested no affirmative relief from the probate court for his client, we conclude that jurisdiction was not acquired and reverse.
Konstantinos Boulis and the Kolokithas family formed Paradise of Port Richey, Inc. in 1995 and began operating casino boat cruises on Florida’s west-central coast. Boulis and the Kolokithases each acquired a fifty percent interest in Paradise. After problems arose in the company, Paradise and the Kolokithases sued Boulis in Pasco County Circuit Court, alleging numerous claims arising out of an attempted sale of Paradise by Boulis. Before Boulis was served with the complaint, he was killed. A probate proceeding was opened in Broward County Circuit Court, and curators of the estate were appointed.
After the estate was successfully substituted for Boulis as a defendant in the Pasco action, a hearing was held in the Broward probate proceedings on the curators’ motion for authorization to proceed with the handling of the estate’s affairs. Mr. John Johnson appeared telephonically, noting that he represented both Paradise and the Kolokithases in the Pasco County litigation. He explained that he was included in the hearing simply to confirm that the curators’ powers included the power to represent the estate in the Pasco litigation, as well as limiting the curators’ power to operate the corporation, which power Boulis did not have during his lifetime.
Shortly after the hearing, Mr. Johnson received a petition for appointment of a *1046 representative to attend the regular counts of Paradise’s gambling proceeds, to require an accounting from Paradise of all of the gambling revenues, and to order Paradise to remit the estate’s share. At a later hearing, the court granted the relief, ordering Paradise to provide its books and records for inspection and to agree on an inspection system for the gambling counts. Paradise appeals that order, claiming that the court did not have jurisdiction over it.
As the parties agree that Paradise was never served with process regarding the petition for accounting, the estate relies on Paradise’s attorney’s voluntary telephonic appearance at the hearing on the scope of the curators’ powers to vest the trial court with personal jurisdiction over Paradise. As a general rule, a party waives any jurisdictional objections when the party makes a request for affirmative relief that goes to the merits of the case and is inconsistent with the party’s subsequent jurisdictional objection. See generally Ginsberg v. Lamour, 711 So.2d 182, 183 (Fla. 4th DCA 1998); Heineken v. Heineken, 683 So.2d 194, 197-98 (Fla. 1st DCA 1996); Cumberland Software, Inc. v. Great Am. Mortg. Corp., 507 So.2d 794, 795 (Fla. 4th DCA 1987); Moo Young v. Air Can., 445 So.2d 1102, 1104 (Fla. 4th DCA 1984) (noting motions going to the merits of a cause constitute a general appearance, waiving jurisdictional objections).
The supreme court in Babcock v. Whatmore, 707 So.2d 702, 704 (Fla.1998), held that “a defendant waives a challenge to personal jurisdiction by seeking affirmative relief — such requests are logically inconsistent with an initial defense of lack of jurisdiction.” The citations to support this proposition juxtapose defensive actions which would not constitute a waiver of jurisdiction, see, e.g., Kimbrough v. Rowe, 479 So.2d 867, 869 (Fla. 5th DCA 1985), with affirmative actions, such as cross-claims or requests that a court take jurisdiction of a proceeding, which would constitute a waiver of jurisdiction. See, e.g., Shurden v. Thomas, 134 So.2d 876, 878 (Fla. 1st DCA 1961).
We hold that counsel’s appearance at a hearing on the curators’ powers to assure that those powers are broad enough to include their authority to represent the estate in the Pasco County proceedings was not an appearance where appellant made a request for affirmative relief going to the merits of the case, nor did it seek for the court to take jurisdiction of the matter. To the contrary, all the attorney was assuring was that someone would represent the estate’s interests in the Pasco County suit. That does not constitute a voluntary appearance in Broward County for the purpose of asserting jurisdiction over Paradise and its operations in subsequent proceedings.
We therefore reverse both the order and amended order for an accounting directed to Paradise of Port Richey, Inc. for lack of personal jurisdiction.
FARMER, J., and ROBY, WILLIAM L., Associate Judge, concur.