877 So.2d 818 (2004)
Stephen Daryl LEVENSON, Appellant,
v.
Kevin McCARTY, Office of Insurance Regulation, Appellee.
Nos. 4D03-3016, 4D03-3865.
District Court of Appeal of Florida, Fourth District.
July 7, 2004.
*819 Bijan Parwaresch of Bijan Parwaresch, P.A., Miami Beach and Christian Carrazana of Christian Carrazana, P.A., Miami Beach, for appellant.
Anthony B. Miller, Tallahassee, for appellee.
TAYLOR, J.
Stephen Daryl Levenson appeals the denial of his motion to set aside the order revoking his insurance license. We reverse, holding that the Office of Insurance Regulation's attempted personal service was legally inadequate.
Personal service at Levenson's last known residence was unsuccessful. The attorney for the Office of Insurance Regulation then made no attempt to contact the licensee by phone, despite the prior direct contacts between the agency and the licensee. Also, no attempt was made to contact either of the licensee's known attorneys.
The key consideration in this case is the statute on license revocations. It provides:
No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the entry of a final order, the agency has served, by personal service or certified mail, an administrative complaint which affords reasonable notice to the licensee of facts or conduct which warrant the intended action and unless the licensee has been given an adequate opportunity to request a proceeding pursuant to ss. 120.569 and 120.57. When personal service cannot be made and the certified mail notice is returned undelivered, the agency shall cause a short, plain notice to the licensee to be published once each week for 4 consecutive weeks in a newspaper published in the county of the licensee's last known address as it appears on the records of the agency.
Fla. Stat. § 120.60(5)(2003)(emphasis added).
*820 This statute is consistent with the common law in permitting service by publication only where personal service cannot be made. See Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225 (Fla.1986).
Constructive service statutes are strictly construed against a plaintiff who seeks to obtain service of process under them. Wiggins v. Portmay Corp., 432 So.2d 802, 804 (Fla. 1st DCA 1983). Where the agency cannot show that personal service cannot be made, the appeals court will vacate the final order and remand for a hearing under Chapter 120. Schram v. Dept. of Prof'l Regulation, 603 So.2d 1307, 1310 (Fla. 1st DCA 1992). Thus, the key question in this appeal is the adequacy of the agency's personal service effort.
In Smetal Corp. v. West Lake Inv. Co., 126 Fla. 595, 172 So. 58, 62 (1936), the court stated:
Reasonable diligence in such matters is an honest effort, and one appropriate to the circumstances, to ascertain whether actual notice may be given, and, if so, to give it. Such effort, however, need not embrace a search in remote parts of the state ... and it is not essential that all possible or conceivable means should be used. But the effort should usually extend to inquiry of persons likely or presumed to know the facts sought.

(citation omitted; emphasis added).
On point is the opinion in Torelli v. Travelers Indemnity Co., 495 So.2d 837, 838 (Fla. 3d DCA 1986), wherein the court stated:
The failure of the plaintiff to follow an obvious lead to the defendant's whereabouts, that is, to make inquiry of the defendant's known attorney, compels us to conclude, unlike the trial court, that the plaintiff did not exercise due diligence in attempting to locate the defendant and was thus not entitled to assert that the defendant was concealing her whereabouts or was no longer a resident of Florida so as to trigger the operation of the "substituted service on non-resident motor vehicle owner" statute....
(citation omitted; emphasis added).
In this case, the attorney for the Office of Insurance Regulation made no attempt to contact the licensee by phone or through his known attorneys. Because this was not a case where personal service could not be made, service by publication was not justified.
REVERSED and REMANDED for proceedings on the merits.
WARNER and KLEIN, JJ., concur.