919 So.2d 585 (2006)
Alberto J. ALVARADO and Pacific Building & Supplies, Corp., Appellants,
v.
Mirta CISNEROS and Mario Cruz, Appellees.
No. 3D04-2907.
District Court of Appeal of Florida, Third District.
January 18, 2006.
*586 Buckner, Shifrin, Rice & Etter, and Charles W. Rice, Miami, for appellants.
*587 Lanza & Bugay; Robert S. Glazier, Miami, for appellees.
Before SUAREZ and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
CORTIÑAS, Judge.
The defendants, Alberto Alvarado and Pacific Building & Supplies, Corp. ("Pacific"), appeal from an adverse final judgment.
In 2001, plaintiff Mirta Cisneros filed a complaint for damages arising out of an automobile accident with Alvarado, who was operating a truck owned by Pacific. In her negligence count, Cisneros alleged that defendant Alvarado was a resident of Dade County and that defendant Pacific was a corporation licensed to conduct business in Dade County. In September 2001, the plaintiff's attorney filed an affidavit stating that a diligent search for the defendants had been conducted but the attorney was unable to confirm their whereabouts.
In October 2001, the plaintiff filed an amended complaint, adding Antonio Rodriguez and Lourdes Rodriguez as defendants in their capacity "as successors and trustees of an administratively dissolved corporation known as Pacific Building & Supplies, Corp." The plaintiff served defendants Alvarado and Pacific by sending the summons and complaint to the Secretary of State. The litigation documents subsequently mailed to the defendants were returned by the post office as either "unclaimed" or "Moved Left No Address."
In January 2002, the defendants filed a Motion to Quash Service of Process. On February 8, 2002, the plaintiff filed an Affidavit of Diligent Search, stating that she (1) conducted a diligent search to discover the defendants' whereabouts, and (2) attempted to contact the defendants at their last known residences. On February 28, 2002, the trial court denied the defendants' motion to quash service. Although they could have done so, the defendants did not take an interlocutory appeal on their jurisdictional claims.
The defendants answered the amended complaint by asserting, as an affirmative defense, that the court lacked personal jurisdiction over them. Thereafter, the case was set for a jury trial, which commenced on March 29, 2004. The jury returned a seventy-five thousand dollar ($75,000) verdict for the plaintiff. Subsequently, the defendants filed a motion for a new trial in which they (1) renewed their claim regarding the court's lack of personal jurisdiction and the denial of their motion to quash service, and (2) objected to certain alleged inflammatory and prejudicial comments made by the plaintiff during closing arguments.
The trial court denied the defendants' jurisdictional challenges concluding that, even if the plaintiff failed to properly serve the defendants, the defendants waived their personal jurisdiction objections by defending the case and not taking an interlocutory appeal on the issue of personal jurisdiction.
We review the trial court's order which denied the defendants' motion to quash service of process de novo. See Labbee v. Harrington, 913 So.2d 679, 681 (Fla. 3d DCA 2005).
It is well-settled that "[a] judgment entered without valid service is void for lack of personal jurisdiction and may be collaterally attacked at any time." Great Am. Ins. Co. v. Bevis, 652 So.2d 382, 383 (Fla. 2d DCA 1995). Nevertheless, a defendant may waive a timely objection to personal jurisdiction by seeking affirmative relief because requesting such relief is inconsistent with an initial defense of a lack of personal jurisdiction. Babcock v. Whatmore, 707 So.2d 702, 704 (Fla.1998); *588 Paradise of Port Richey v. Estate of Boulis, 810 So.2d 1044, 1046 (Fla. 4th DCA 2002). Types of affirmative actions which may be deemed to waive personal jurisdiction include the filing of permissive counter-claims and cross-claims, or requests that a court take jurisdiction of a proceeding. Paradise of Port Richey, 810 So.2d at 1046 (citing Shurden v. Thomas, 134 So.2d 876, 878 (Fla. 1st DCA 1961)). Recently, in Sprint Corp. v. Telimagine, No. 2D05-1892, 2005 WL 3536271, ___ So.2d ___ (Fla. 2d DCA Dec. 28, 2005), the Second District found that the defendant Sprint argued beyond matters of defense when it moved, by motion to dismiss, to enforce an arbitration clause in its contract with the plaintiff, thereby submitting itself to the court's jurisdiction and waiving any objections based on a lack personal jurisdiction. Id. at *2, at ___.
Here, however, the plaintiff did not seek affirmative relief but, rather, simply defended the lawsuit. Accordingly, we hold that the trial court erred in concluding that the defendants had waived their personal jurisdiction objections. "[I]f a defending party timely raises an objection to personal jurisdiction or service of process, then that defendant may plea to the merits and actively defend the lawsuit without waiving the objection." Berne v. Beznos, 819 So.2d 235, 238 (Fla. 3d DCA 2002).
The defendants object to the trial court's exercise of jurisdiction over them on the ground that the complaint failed to include jurisdictional allegations or facts, such as concealment of whereabouts, for the use of section 48.171, Florida Statutes (2001). The defendants further argue that the plaintiff's Affidavit of Diligent Search was conclusory because it failed to sufficiently demonstrate that diligent efforts were made to locate the defendants.
In response, the plaintiff contends that the Affidavit of Diligent Search was sufficient as it properly showed that the plaintiff undertook reasonable efforts to locate the defendants. The plaintiff further contends that her Affidavit of Compliance with sections 48.171 and 48.161 and her Affidavit of Diligent Search cured any defects in the complaint.
The applicable statute in the instant case, section 48.171, designates the Secretary of State as the agent for a resident defendant who has concealed his whereabouts and caused injury by the ownership, operation, or control of a motor vehicle within the state.[1] Procedural requirements for effecting substituted service are outlined in section 48.161, Florida Statutes (2001).[2]
Because substituted service of process statutes provide an exception to the general rule that a defendant must be personally served, they must be strictly *589 construed to protect due process guarantees. Monaco v. Nealon, 810 So.2d 1084, 1085 (Fla. 4th DCA 2002); McAlice v. Kirsch, 368 So.2d 401 (Fla. 3d DCA 1979). Thus, to serve the Secretary of State on behalf of a defendant motor vehicle operator or owner, the plaintiff must plead the jurisdictional basis either by tracking the language of the statute, or by alleging the ultimate facts which bring the defendant within the ambit of the statute. See id.; Great Am. Ins. Co., 652 So.2d at 383.
The defendants correctly assert that service was defective as the complaint lacks allegations that the defendants are either (1) nonresidents, (2) residents of Florida who subsequently became nonresidents, or (3) residents of Florida concealing their whereabouts. See § 48.171, Florida Statutes (2001); Great Am. Ins. Co., 652 So.2d at 383. We note that even the plaintiff's subsequently-filed affidavits, which were not part of the complaint, fall short of making the required allegations to invoke the substituted service statute. When the complaint is devoid of the jurisdictional allegations required for substituted service, the defendant cannot be properly served under the substituted service statute. Id. (citing Drake v. Scharlau, 353 So.2d 961, 964 (Fla. 2d DCA 1978)). Where, as here, the complaint only alleges that the defendants were residents of Dade County, the defendants are only subject to personal service. See Drake v. Scharlau, 353 So.2d 961, 964 (Fla. 2d DCA 1978). Since the plaintiff did not personally serve the defendants and substituted service was defective, the trial court should have granted the defendants' motion to quash service of process. As the trial court never acquired personal jurisdiction over the defendants, the verdict must be set aside and the matter remanded.
Since we have determined that the trial court lacked jurisdiction from the outset, we need not address whether procedural requirements for service of process were complied with or whether the trial court abused its discretion in refusing to grant a new trial based on an improper closing argument by the plaintiff.
Reversed and Remanded.
NOTES
[1] Section 48.171 states, in relevant part:

Any nonresident of this state, . . . or any resident of this state, being the licensed operator or owner of or the lessee, or otherwise entitled to control any motor vehicle under the laws of this state, who becomes a nonresident or conceals his whereabouts, by the acceptance or licensure and by the operation of the motor vehicle, either in person, or by or through his or her servants, agents, or employees, . . . constitutes the Secretary of State his or her agent for the service of process in any civil action begun in the courts of the state.... § 48.171, Fla. Stat. (2001).
[2] According to section 48.161, the plaintiff must serve the Secretary of State and mail notice of service and a copy of process to the defendant by registered or certified mail. The plaintiff is then required to file with the court both the return receipt for the documents mailed to the defendant and an affidavit of compliance with applicable statutes. See § 48.161, Fla. Stat. (2001); Chapman v. Sheffield, 750 So.2d 140, 142 (Fla. 1st DCA 2000).