GRIFFIN, J.
Samuel McMahon, III [“McMahon”] appeals the trial court’s order denying his motion to quash service of process in a suit brought against him by Janice M.A. Ryan [“Ryan”], on behalf of Internet Group, Inc., a Florida Corporation, and herself, individually. We reverse.
On August 20, 1992, an involuntary petition for bankruptcy was filed for McMahon.[1] Subsequently, on or about March 29, 1993, Ryan filed this lawsuit, naming McMahon as one of the defendants. In her complaint, Ryan alleged that she, McMahon, and two others had worked together to form a company called Internet Group, Inc. [“Internet Group”] in May of 1989. She alleged that McMahon, acting in concert with others, illegally took control of Internet Group, forced her out, misappropriated corporate assets, and dissolved the corporation.
On May 4, 1993, McMahon’s attorney filed a notice of bankruptcy in the trial court. The notice advised that “[fjurther proceedings involving [McMahon] are stayed pursuant to the provisions of 11 U.S.C. Sections 362,1201 and 1301.” Nevertheless, on May 6, 1993, McMahon, through his wife, was formally served with process.
On June 27, 1996, a federal court imposed a 135-month sentence against McMahon for a variety of financial crimes. Then, on March 18, 1997, the bankruptcy court entered an order denying McMahon discharge in the bankruptcy proceeding. The order denying discharge apparently terminated the automatic stay, pursuant to 11 U.S.C. § 362(c)(2)(C). A week later, Ryan filed a motion for a default judgment against McMahon. She argued that she was entitled to a default judgment because the automatic stay in the case had been lifted and no responsive pleading had been filed. The trial court granted Ryan’s motion and entered a default judgment against McMahon on April 29,1997.
Years later, in February 2005, McMahon filed a motion to quash service of process and set aside the default that the trial court had entered against him on April 29, 1997, claiming that he was not properly served because he was in bankruptcy and the automatic stay applied when service of *200 process was purportedly effected. On February 24, 2006, the trial court issued its order on McMahon’s motion. The order set aside the default judgment, but declined to quash the service of process.
The filing of a bankruptcy provision immediately triggers an automatic stay, applicable to all entities, of
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
11 U.S.C. § 362(a) (1993) (emphasis added). See also 3 Alan N. Resnick & HenRy J. SommeR, Collier on Bankkuptcy § 362.02 (15th ed. rev.2007). Accordingly, as a general rule, the automatic stay prohibits a plaintiff from initiating or proceeding with a lawsuit against the debtor after a petition for bankruptcy has been filed, when the suit seeks to recover on a pre-petition claim. See Lampe v. Xouth, Inc., 952 F.2d 697, 700 (3d Cir.1991). This includes service of process. In re Weber, 283 B.R. 630, 633 (Bankr.D.Mass.2002). Subsection (b) of section 362 provides a list of exceptions to the general rule; however, none of these appears to be applicable in this case.
“Actions taken in violation of the automatic stay are void and without effect.” Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir.1982); see also Barton-Malow Co. v. Gorman Co., 558 So.2d 519, 521 (Fla. 5th DCA 1990); Personalized Air Conditioning, Inc. v. C.M. Sys., Inc., 522 So.2d 465, 466 (Fla. 4th DCA 1988). This is true even if there is no actual notice of the stay. Personalized Air Conditioning, Inc., 522 So.2d at 466. “A void judgment may be attacked at any time because the judgment creates no binding obligation on the parties, is legally ineffective and is a nullity.” Fisher v. State, 840 So.2d 325, 331 (Fla. 5th DCA 2003); Great Am. Ins. Co. v. Bevis, 652 So.2d 382, 383 (Fla. 2d DCA 1995).
Although a defendant may waive a timely objection to personal jurisdiction by seeking affirmative relief because requesting such relief is inconsistent with an initial defense of a lack of personal jurisdiction, there was no waiver in this case. See Alvarado v. Cisneros, 919 So.2d 585, 587 (Fla. 3d DCA 2006); see also Mason v. Hunton, 816 So.2d 234, 235 (Fla. 5th DCA 2002).
While it is true that actions taken in violation of the automatic stay are void, bankruptcy courts are authorized to validate such actions by retroactively annulling the stay when the circumstances warrant such relief. See In re Barr, 318 B.R. 592, 598 (Bankr.M.D.Fla.2004). In part, the Bankruptcy Code, 11 U.S.C. section 362(d) (2007), provides:
(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
(Emphasis added). In explaining the effect of the word “annulling,” the U.S. Court of Appeals for the Eleventh Circuit has said:
[Section] 362(d) expressly grants bankruptcy courts the option, in fashioning appropriate relief, of “annulling” the automatic stay, in addition to merely “terminating” it. The word “annulling” in *201 this provision evidently contemplates the power of bankruptcy courts to grant relief from the stay which has retroactive effect; otherwise its inclusion, next to “terminating”, would be superfluous.... Accordingly, we hold that § 362(d) permits bankruptcy courts, in appropriately limited circumstances, to grant retroactive relief from the automatic stay.
In re Albany Partners, Ltd., 749 F.2d 670, 675 (11th Cir.1984); see also In re Barr, 318 B.R. at 598. In Barr, the court observed:
Several factors have been identified by Courts when determining whether circumstances are sufficiently compelling to warrant retroactive annulment of the stay. Such factors include (1) whether the creditor had actual or constructive knowledge of the bankruptcy filing, (2) whether the debtor acted in bad faith, (3) whether grounds would have existed for modification of the stay if a motion had been filed before the violation, (4) whether the denial of retroactive relief would result in unnecessary expense to the creditor, and (5) whether the creditor has detrimentally changed its position on the basis of the action taken.
318 B.R. at 598. Thus, if Ryan wants to rehabilitate the service of process, she must attempt to do it in a federal forum.
REVERSED and REMANDED.
ORFINGER and TORPY, JJ., concur.

. The petition was filed pursuant to Chapter 11 of the bankruptcy code. McMahon later converted the proceeding to one under Chapter 7.