965 So.2d 1257 (2007)
Thomas Edward WOLFE, Jr., Individually and as Trustee of the Tennessee Irrevocable Trust, Appellant,
v.
Marie Frances STEVENS, as Personal Representative of the Estate of Marie Frances Wolfe, Appellee.
No. 2D07-2099.
District Court of Appeal of Florida, Second District.
October 5, 2007.
*1258 R. Gale Porter, Jr., of R. Gale Porter, Jr., P.A., Tampa, for Appellant.
Eoghan "Owen" P. McGill of Shumaker, Loop & Kendrick, LLP, Tampa, for Appellee.
KELLY, Judge.
Thomas Edward Wolfe, Jr., appeals the trial court order denying his motion to set aside a default final judgment entered against him in a quiet title action brought by his sister, Marie Frances Stevens. Wolfe argues that Stevens' constructive service of process was defective because Stevens failed to make a diligent search before resorting to service by publication, and therefore, the default final judgment entered against him was void. We agree and reverse.
Stevens, as personal representative of her mother's estate, sued Wolfe alleging that he had defrauded their mother out of her home by falsifying Stevens' and the mother's signatures on a "Deed to Trust." Approximately two months after filing suit, Stevens filed a sworn statement for constructive service pursuant to sections 49.031 and 49.041, Florida Statutes (2005), and subsequently served Wolfe by publication. Wolfe did not respond, and the trial court entered a default final judgment against him. Approximately seven months later, Wolfe moved to set aside the final judgment under Florida Rule of Civil Procedure 1.540 on the ground that service was defective because Stevens had failed to conduct a diligent search before resorting to service by publication. The trial court denied Wolfe's motion finding that he had actual notice of the final judgment and that in failing to act diligently to set it aside, "he was not reasonable."
*1259 "`When a complainant resorts to constructive service, he should make an honest and conscientious effort, reasonably appropriate to the circumstances, to acquire the information necessary to fully comply with the controlling statutes, to the end that the defendant, if it be reasonably possible, may be accorded notice of the suit.'" Gmaz v. King, 238 So.2d 511, 514 (Fla. 2d DCA 1970) (quoting Klinger v. Milton Holding Co., 136 Fla. 50, 186 So. 526, 534 (1939)). If constructive service is challenged on the ground that the plaintiff failed to conduct a diligent search, the trial court must determine whether the plaintiff "reasonably employed knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable him to effect personal service on the defendant." McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 831 (1926); see Gmaz, 238 So.2d at 514. Further, "when a `red flag' is waved to a complainant notifying or warning him of facts which put him on a reasonable course of inquiry as to the whereabouts or residence of a party-defendant to his law suit, he is bound to follow that course to its logical end." Id.
Stevens had notice of facts that she should have followed before resorting to service by publication. The record indicates that when Stevens filed her complaint she and her attorney knew that Wolfe was represented by counsel. However, instead of contacting Wolfe's attorney regarding the lawsuit, Stevens filed an affidavit of diligent search and inquiry and proceeded to serve Wolfe by publication. At the hearing on Wolfe's motion to set aside the final judgment, Stevens' attorney admitted he had the address and phone number of Wolfe's attorney and that he could have notified him of the lawsuit but he "made the decision, knowing all the circumstances regarding the accusations that were going back and forth, that I would rather go the statutory route." Under these circumstances, we cannot conclude that Stevens exercised due diligence in attempting to locate Wolfe. Accordingly, service by publication was improper. See Levenson v. McCarty, 877 So.2d 818 (Fla. 4th DCA 2004) (holding that where the plaintiff made no attempt to contact the defendant by telephone or through his known attorneys, service by publication was improper); Torelli v. Travelers Indem. Co., 495 So.2d 837 (Fla. 3d DCA 1986) (holding that the plaintiff did not exercise due diligence in attempting to locate the defendant where she failed to follow an obvious lead to the defendant's whereabouts by inquiring of the defendant's known attorney).
Wolfe also argues that the trial court erred in finding that he was not entitled to relief because he did not file his motion to set aside the final judgment within a reasonable time as required by rule 1.540(b). We agree. A judgment entered without valid service is void for lack of personal jurisdiction and can be collaterally attacked at any time. Great Am. Ins. Co. v. Bevis, 652 So.2d 382 (Fla. 2d DCA 1995). The appropriate procedure for attacking a void judgment is by a motion for relief from judgment under rule 1.540(b). Id. at 383-84. Because we conclude that Wolfe established at the hearing that he was entitled to relief under the rule, we reverse the order denying his motion to set aside the final judgment and remand for further proceedings.
Reversed and remanded.
NORTHCUTT, C.J., and WHATLEY, J., Concur.